[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 234.]

IN RE CONTESTED ELECTION ON NOVEMBER 7, 1995 CONCERNING ELECTION OF TOWNSHIP TRUSTEE FOR ELYRIA TOWNSHIP.

[Cite as *In re Contested Election on Nov. 7, 1995*, 1996-Ohio-69.]

*Appellate procedure—Supreme Court will not indulge in advisory opinions— When party attacks a judgment which is not the subject of the appeal, court will not address the party's contentions.*

(No. 95-2639—Submitted June 25, 1996—Decided August 7, 1996.)

APPEAL from the Court of Common Pleas of Lorain County, No. 95 CV 115361.

———————————

{¶ 1} Appellant, Earl F. Kayser, timely filed his nominating petition to be placed on the November 7, 1995 ballot for the office of Elyria Township Trustee for the four-year term beginning on January 1, 1996. Since Kayser was the sole township trustee candidate who had timely filed his nominating petition pursuant to R.C. 3513.253, his name was the only one to appear on the November 1995 ballot for Elyria Township Trustee.

{¶ 2} In October 1995, the Lorain County Board of Elections ("board") certified five write-in candidates, including appellee, Richard L. Hutman, for the office of Elyria Township Trustee at the November election. Hutman defeated Kayser and the other candidates in the election. On November 20, Kayser filed a complaint in the Lorain County Court of Common Pleas to enjoin the board from certifying Hutman or any other write-in candidate for the office of Elyria Township Trustee. *Kayser v. Lorain Cty. Bd. of Elections*, Lorain Cty. C.P. case No. 95CV115316. The common pleas court dismissed the case on November 28.

{¶ 3} On the same date that his action for injunctive relief was dismissed, Kayser filed another complaint in the common pleas court contesting Hutman's election. In December 1995, the common pleas court *sua sponte* dismissed

Kayser's election contest "on the basis of collateral estoppel" because of Kayser's prior action in the same court.

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Phillips & Co., L.P.A.,* and *Gerald W. Phillips*, for appellant.

*Savoy, Bilancini, Flanagan, & Kenneally* and *Jerome J. Savoy*, for appellee.

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Gerald A. Innes*, Assistant Prosecuting Attorney, urging affirmance for *amicus curiae*, Lorain County Board of Elections.

_____

***Per Curiam.***

{¶ 5} Kayser asserts that the common pleas court erred when it ruled that write-in candidates were permitted under R.C. 3513.041 because R.C. 3513.253 expressly prohibits write-in candidates and provides that the filing of a nominating petition is the exclusive method for the election of township trustees.

{¶ 6} As both Hutman and the board note, Kayser does not contend that the common pleas court erred in finding his election contest barred by collateral estoppel. See *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."). Instead, Kayser challenges the common pleas court's holding in Kayser's injunction action. However, the common pleas court's judgment in the injunction matter is not before this court.

{¶ 7} It is well settled that we will not indulge in advisory opinions. See *N. Canton v. Hutchinson* (1996), 75 Ohio St.3d 112, 114, 661 N.E.2d 1000, 1002, and cases cited therein. In that Kayser attacks a judgment which is not the subject of this appeal, we need not address Kayser's contentions.

{¶ 8} Based on the foregoing, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____