Defendant Raymond Klubnik has appealed from an order of the Medina County Common Pleas Court that granted plaintiff Granger Township Board of Trustees summary judgment in an action to enforce a zoning regulation. Defendant has argued that: (1) the trial court incorrectly granted summary judgment because an affidavit submitted on his behalf created a genuine issue of material fact regarding the application of the doctrine of equitable estoppel; (2) the trial court incorrectly granted summary judgment because defendant was improperly prevented from presenting evidence before the trial court going to the reasonableness of the township's zoning regulation; and (3) the trial court incorrectly granted summary judgment because a genuine issue of material fact existed regarding the applicability of equitable estoppel. This court affirms the judgment of the trial court because res judicata barred defendant from raising these arguments.
 I.
Defendant owns a building along State Route 18 in Granger Township from which he operates his business. That building was built during 1994. During construction, the township's zoning inspector noticed that the building's atrium window, when completed, would extend approximately three feet into the one-hundred-foot setback required by the township's zoning regulations. According to defendant's daughter, who managed the construction of the building, the township's zoning inspector told her that an application for a variance for the window's encroachment in the setback could be filed with the township's zoning board and that the variance "should not be a problem and that it would probably be approved." Defendant completed his building with the window in violation of the township's zoning regulations.
On December 5, 1994, defendant filed an application with the township's zoning board for a variance from the setback requirement. After a hearing, the zoning board denied defendant's application, finding that he had created the problem himself. Defendant appealed to the Medina County Common Pleas Court, which reversed the decision of the board. The board appealed to this Court, and this Court reversed the judgment of the common pleas court, holding that it had improperly substituted its judgment for that of the board. SeeKlubnik v. Granger Twp. Bd. of Zoning Appeals (Mar. 20, 1996), Medina App. No. 2465-M, unreported.
On November 8, 1996, the township filed its complaint in this case, seeking injunctive relief to enforce its zoning regulation. The township moved for summary judgment on February 26, 1997. Defendant filed a brief in opposition to the township's motion and moved the trial court for an oral hearing on the motion. On April 8, 1997, the trial court ruled that the case presented no genuine issues of material fact and granted the township summary judgment. Defendant timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that the trial court incorrectly granted the township summary judgment because an affidavit submitted on his behalf created a genuine issue of material fact regarding the application of the doctrine of equitable estoppel. He has argued that an affidavit from his daughter, who was overseeing the construction of his building, demonstrated that the township's zoning inspector assured him that the variance would "not be a problem" and that it would ' "probably be granted." From these statements, defendant has argued, he demonstrated the elements of equitable estoppel.
The township has argued that defendant was foreclosed from raising this argument based on the doctrine of res judicata.Res judicata encompasses both claim preclusion and issue preclusion (traditionally known as collateral estoppel). Gravav. Parkman Twp. (1995), 73 Ohio St.3d 379,381. The doctrine of claim preclusion provides "that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at 382. Issue preclusion, on the other hand, prevents relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. Fort Frye Teachers Assn.,OEA/NEA v. State Emp. Relations Bd. (1998), 81 Ohio St.3d 392,395. Defendant had a full and fair opportunity to litigate the applicability of equitable estoppel during his appeal from the denial of his variance application. If equitable estoppel had been found, it would have prevented the township from enforcing its zoning regulation; in other words, the application of that doctrine would have provided a victory to defendant. In that case, the applicability of the township's zoning regulation regarding the setback requirement was directly in issue. Defendant had the opportunity to litigate the applicability of equitable estoppel before the township's zoning board, before the common pleas court on appeal from the board's denial of his variance application, and before this Court on the township's appeal. This Court concluded that the township's zoning regulation applied to his property. The Ohio Supreme Court did not reverse that decision. Consequently, defendant may not now claim that the township was estopped from enforcing that regulation. See Columbus v. Triplett (1993), 91 Ohio App.3d 239,243 (defendant's defenses that "were or should have been litigated in his prior action" are barred). Defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that the trial court incorrectly granted the township summary judgment because he was improperly prevented from presenting evidence before the trial court going to the reasonableness of the township's zoning regulation. He has argued that, when reviewing an administrative agency's decision not to grant an area variance, the trial court was required to apply a "practical difficulty" standard. See Duncan v. Middlefield (1986), 23 Ohio St.3d 83,85. To accurately apply this standard, he has asserted, the trial court was obligated to allow him to present additional evidence going to the reasonableness of the zoning regulation.
The township has argued that, because the reasonableness of the zoning regulation was already litigated in defendant's appeal from the initial denial of his application for a variance, his ability to relitigate that issue in this case is once more barred by res judicata. In defendant's appeal from the denial of his variance application, the common pleas court ruled in his favor, finding the application of the zoning regulation to be unreasonable. This Court, however, reversed the trial court's determination and held that defendant failed to establish that the zoning requirement "unreasonably deprive[d] him of a permitted use of his property." SeeKlubnik, supra, at 8. It held, therefore, that defendant failed to meet the "practical difficulties" standard. Id. That holding was not reversed by the Ohio Supreme Court. Having had the opportunity to fully litigate the reasonableness of the zoning regulation in his appeal from the denial of his variance application, he is barred from relitigating that issue in this case. Res judicata, therefore, applied to bar defendant's relitigation of this issue.
Defendant has argued that res judicata does not bar his reasonableness argument because that issue was not really litigated in the first case. He has argued that he was not permitted to introduce evidence going to the reasonableness of the zoning regulation in his appeal from the denial of his variance application. According to defendant, Section 2506.03
of the Ohio Revised Code entitles him, "as a matter of law, to an appeal in which the relevant evidence was before the court." He has further argued that Section 2506.03 allows a trial court, reviewing an appeal from a decision of an administrative agency, to look to evidence outside the filed transcript when certain circumstances are shown. Defendant has argued that his daughter's affidavit provided the "requisite support to permit [him] to offer additional evidence that he relied on the representations of [the township's] Zoning Inspector to his detriment." According to defendant, "[t]he failure of the Court of Appeals to remand this case for an evidentiary hearing denied [defendant] of his legal rights to due process guaranteed by the administrative appeals procedure."
Although defendant has now asserted that this Court should have remanded the first case to the trial court for further hearings on the reasonableness of the zoning regulation and the applicability of equitable estoppel, instead of simply reversing the judgment of the trial court, he failed to appeal this Court's decision. Consequently, the matter was not remanded to the trial court, and that court was not obligated to allow defendant to present additional evidence. In addition, defendant has failed to demonstrate any of the criteria that must be shown before a trial court may receive additional evidence in this type of case.
Pursuant to Section 2506.03 of the Ohio Revised Code, a trial court is confined to the transcript before the board of zoning appeals as filed unless it appears, on the face of the transcript or by affidavit filed by the appellant, that certain circumstances exist: (1) the transcript does not contain all of the evidence submitted; (2) the appellant was not permitted to appear and be heard and offer or elicit arguments and evidence; (3) the testimony given was not under oath; (4) the appellant was unable to present evidence because he lacked the power of subpoena or was refused the power of subpoena possessed by the agency; or (5) the administrative agency failed to file with the transcript conclusions of fact supporting the final decision. See Section 2506.03(A)(1) through (5) of the Ohio Revised Code. Defendant has failed to show any of the criteria in Section 2506.03(A)(1) through (5). He has merely alleged that his daughter's affidavit was sufficient to support the need to introduce additional evidence. Defendant would not, therefore, have been entitled to submit additional evidence to the trial court. Defendant's second assignment of error is overruled.
 C.
Defendant's third assignment of error is that the trial court incorrectly granted the township summary judgment because a genuine issue of material fact existed regarding the applicability of equitable estoppel. By this assignment of error, defendant has essentially re-argued his first assignment of error. Inasmuch as this Court has concluded that defendant was barred by res judicata from relitigating that issue, defendant's argument that he reasonably relied to his detriment on the representations of the township's zoning inspector is without merit. Defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- CLAIR E. DICKINSON FOR THE COURT
SLABY, P. J., BAIRD, J., CONCUR