Appellant John Erzarsanar appeals a decision by the trial court denying his motion to modify child support. John Erzarsanar assigns the following two errors for our review:
 I. MAGISTRATE WAYNE STRUNK COMMITTED REVERSIBLE ERROR BY CONTACTING TRIAL WITNESSES AND CONDUCTING EX-PARTE INTERVIEWS OF SUBPOENAED WITNESSES.
 II. THE TRIAL COURT IMPROPERLY GRANTED A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
John Erzarsanar and Heather Stewart-Erzarsanar were married on August 2, 1983. At the time of the marriage, Heather Erzarsanar had a daughter, Synett who was born on October 15, 1977. On December 23, 1985, John Erzarsanar adopted Synett. John and Heather Erzarsanar separated on August 16, 1993.
On May 5, 1994, the Cuyahoga County Support Enforcement Agency filed a complaint to establish support against John Erzarsanar. In a report dated June 29, 1994, the juvenile court referee determined that John Erzarsanar was to pay $200.00 per month as support for Synett as of July 1, 1994. The amount was to increase to $300.00 per month as of January 1, 1995 and to $320.00 per month as of July 1, 1995. The court adopted and approved the referee's recommendation in a journal entry dated July 14, 1994.
In March 1996, due to a change in the employment of John Erzarsanar, the juvenile court increased the amount of support to $381.90 per month. On June 11, 1996, John Erzarsanar wrote a letter to the juvenile court asking that his child support be terminated because Synett had reached the age of majority as of October 15, 1995, was to graduate from high school on June 10, 1996 and was employed. The letter was followed by a formal motion to modify child support filed July 24, 1997.
In a journal entry dated September 9, 1997, the juvenile court terminated the support order concluding that Synett was apparently emancipated and that John Erzarsanar had paid any current support arrearages. On September 24, 1997, Heather Erzarsanar filed a response to John Erzarsanar's motion to modify child support. Heather Erzarsanar maintained that support properly continued past Synett's eighteenth birthday because she was enrolled in high school until August 1, 1997.
After a hearing on November 6, 1997, the case was continued for hearing on the merits. On March 12, 1998, Heather Erzarsanar moved to dismiss the case for lack of subject matter jurisdiction. Citing In re Raymond Livingston (Nov. 7, 1996), Cuyahoga App. No. 70430, unreported, she alleged that the juvenile court had no jurisdiction to determine support issues for Synett since she was over the age of eighteen. John Erzarsanar also moved to continue the scheduled April 2, 1998 hearing on the case pending disposition of the jurisdictional question. On March 30, 1998, John Erzarsanar filed a brief in opposition to the motion to dismiss, arguing that the trial court could properly entertain John Erzarsanar's motion to modify support because it was filed before the support order was terminated.
On April 13, 1998, John Erzarsanar filed a motion to determine the amount of his child support overpayments and moved for the return of the overpayment. On April 16, 1998, the magistrate ruled that Synett "continuously attended high school on a full time basis" until the court's September 9, 1997 order terminating child support. The magistrate granted Heather Erzarsanar's motion to dismiss. John Erzarsanar filed objections to the magistrate's decision on April 30, 1998. He argued that the magistrate failed to conduct a full evidentiary hearing on the issue of termination of support. John Erzarsanar disputed the magistrate's finding that Synett attended school continuously during the 1996-1997 school year and alleged that Synett's school transcript revealed that she took only Physical Education during that year and failed it four times. He also alleged that Synett was absent from school 60 times during the school year. John Erzarsanar also cited Bayesv. Bayes (June 22, 1994), Hardin App. No. 6-94-4, unreported and argued that the juvenile court had continuing jurisdiction over the issue of child support for Synett.
On May 22, 1998, the magistrate responded to John Erzarsanar' s objections. The magistrate wrote, in part:
 [T]his magistrate contacted school authorities who reported that the child had made continuous efforts to graduate high school that were hampered by medical problems. She therefore did not graduate until just prior to September 1997, at least one month after the filing of Defendant's motion.
(Magistrate's Supplemental Report of 5/22/98.)
The magistrate went on to conclude that, even if his procedure was erroneous, it was harmless error because the trial court's September 9, 1997 order determining that Synett was emancipated and terminating John Erzarsanar's support obligation motion "effectively disposed of the issues raised by Defendant's motion and was never appealed." The magistrate determined that the issues were, therefore, "moot before they reached the desk of the magistrate." (Magistrate's Supplemental Report of 5/22/98.) The juvenile court approved and adopted the magistrate's report and overruled John Erzarsanar's objections in a journal entry dated June 9, 1998. This appeal followed.
Because proper subject matter jurisdiction is a prerequisite to any judicial inquiry, we will address John Erzarsanar's second assignment of error first.
In his second assignment of error, John Erzarsanar argues the trial court improperly granted Heather Erzarsanar's motion to dismiss his motion to modify child support for lack of subject matter jurisdiction and mootness. In granting the motion. to dismiss, the trial court concluded that its September 9, 1997 order terminating John Erzarsanar' s support obligation disposed of all issues raised by the motion to modify child support. We agree.
John Erzarsanar clearly raised the issue of overpayments in his motion to modify support which was filed prior to the termination of the support order. The court's order of September 9, 1997 terminated John Erzarsanar' s support obligation but did not address the issue of overpayments. The proper remedy for John Erzarsanar would have been to appeal from the trial court's order. However, he failed to do so. Under the doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,381; Fort Frye Teachers Ass'n, OEA/NEA v. State EmploymentRelations Bd. (1998), 81 Ohio St.3d 392, 395. Claim preclusion applies to all claims which were or might have been litigated in a first lawsuit. Jamestown Village Condo. Owners Assn. v. Market Media Research, Inc. (1994), 96 Ohio App.3d 678, 685, appeal dismissed (1995), 71 Ohio St.3d 1444. The trial court's September 9, 1997 journal entry was a final judgment. Because he failed to appeal from that judgment, John Erzarsanar was barred from raising the issue of overpayments in a subsequent motion. Accordingly, John Erzarsanar' s second assignment of error is without merit.
Having concluded that John Erzarsanar's motion to modify child support was properly dismissed by the trial court, we overrule his first assignment of error as moot. The judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 _____________________________________ PATRICIA ANN BLACKMON JUDGE