OPINION
Appellant, James Helfrich, owns six separate lots in the City of Pataskala, Ohio. The lots are situated side-by-side and are zoned R-3, single-family residential zone. Appellant filed applications with appellee, the City of Pataskala Planning and Zoning, to have his lots combined and re-split and for zero lot line development. These applications were contingent upon each other. Appellee denied appellant's application for zero lot line development on June 17, 1998. Appellant appealed this decision to the Court of Common Pleas (Case No. 98CV375) but the matter was remanded to appellee for determination on the lot split application. Prior to filing an appeal to the Court of Common Pleas, appellant filed a second application for zero lot line development with appellee. Appellee denied this application on July 16, 1998. Appellant never appealed this decision. On remand, appellee denied the lot split application and the zero lot line development application. Appellant filed an appeal to the Court of Common Pleas. On November 29, 1999, appellee filed a motion to dismiss the zero lot line development portion of the appeal on the basis of res judicata. By judgment entry filed January 18, 2000, the trial court granted said motion. By judgment entry filed September 20, 2000, the trial court affirmed appellee's denial of the lot split application. Appellant filed a pro se appeal and this matter is now before this court for consideration. As appellant failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignments from appellant's arguments:
 I. THE TRIAL COURT ERRED IN DETERMINING APPELLANT'S APPEAL OF THE DENIAL OF HIS ZERO LOT LINE DEVELOPMENT APPLICATION WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
 II. THE TRIAL COURT ERRED IN AFFIRMING APPELLEE'S DENIAL OF APPELLANT'S LOT SPLIT APPLICATION.
 I, II
Appellant claims the trial court erred in dismissing his R.C. 2506.01
appeal of the denial of his zero lot line development application on the basis of res judicata in affirming the denial of his lot split application. We agree. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus. As set out in the facts, this case has a tortured history. Appellant first appealed appellee's denial of the zero lot line development application to the Court of Common Pleas, Case No. 98CV375. The trial court found the matter was not ripe for review because it was uncontested that the two applications were contingent upon each other and appellee had not rendered a decision on the lot split application. The matter was remanded to appellee "for a vote on the totality of Appellant's proposal." See, Judgment Entry filed November 13, 1998. Prior to filing the appeal, appellant filed a second application for zero lot line development with appellee. Appellee denied this application on July 16, 1998. Appellant never appealed this decision. Pursuant to the trial court's remand, appellee held a hearing and voted to deny appellant's lot split application on January 20, 1999. Appellant appealed this decision. On November 29, 1999, appellee filed a motion to dismiss the denial of appellant's application for zero lot line development on the basis of res judicata. Appellee argued appellant was barred from appealing appellee's denial on said application because appellant had failed to appeal the July 16, 1998 denial. The trial court granted this motion on January 18, 2000. Upon review, we find the re-application and subsequent denial was not res judicata because of the language of the remand from the Court of Common Pleas and, in fact, the second application was not the same matter as appealed sub judice. Assignment of Error I and II are granted. The matter is remanded to the trial court to determine if appellee's denial was supported by substantial, reliable and probative evidence. R.C. 2506.04.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed.
Farmer, J. Edwards, P.J. and Gwin, J. concur.