DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Ralph H. Kashnier has appealed from a judgment of the Medina County Common Pleas Court, Domestic Division, which determined that a $14,720 judgment in favor of Appellee Roberta Donnelly was for unpaid child support. This Court agrees.
 I.
On June 1, 1979, Appellant and Appellee were granted a divorce. A separation agreement was incorporated into their divorce decree, wherein Appellant agreed to pay $30 a week for child support.
On May 30, 1990, Appellee filed a motion for a lump sum judgment for child support arrearages. The magistrate determined that Appellant owed $14,720 in unpaid child support and entered a lump sum judgment accordingly. Appellant objected to the magistrate's decision, which the trial court ultimately upheld. Appellant timely appealed, and this Court affirmed the decision. See Donelly v. Kashnier (Feb. 27, 1991), Medina App. No. 1939, unreported, at 8.
On July 29, 1999, the domestic relations court entered a judgment, which found that Appellant "was in arrears of a child support obligation previously ordered in this matter." As a result, the court entered judgment in favor of Appellee for $14,720. Appellant did not file an objection to this order.
On February 10, 2000, Appellant filed a petition for bankruptcy and listed Appellee as a creditor in the amount of $14,720. Shortly thereafter, Appellee moved the bankruptcy court for relief. On April 21, 2000, the bankruptcy court granted Appellee limited relief from the automatic stay and permitted the parties to seek clarification as to whether the domestic relations court's 1999 judgment was for child support. Specifically, the bankruptcy court stated "[i]f the [domestic relations] court ultimately determines that its 1999 judgment is for child support and that the debt owed by the debtor to [Appellee] is not dischargeable in [Appellant's] case, then [Appellee] shall be free to pursue collection on the judgment without seeking any further relief in [the bankruptcy court.]"
Appellee filed a motion in the domestic relations court requesting that the court determine that the judgment for $14,720 was for unpaid child support and, therefore, is not dischargeable. The magistrate determined that the $14,720 judgment was child support. Appellant objected to the magistrate's decision, which the trial court, again, upheld. Appellant timely appealed, asserting three assignments of error.
 II. Assignment of Error Number One The [domestic relations] court erred by failing to find that the judgment had the actual effect of providing the necessary support before determining that [Appellee's] judgment was nondischargeable in [Appellant's] bankruptcy.
In his first assignment of error, Appellant has argued that the domestic relations court failed to determine that the 1999 lump sum judgment was for child support. This Court disagrees.
As a preliminary matter, this Court notes that the doctrine of resjudicata bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action in which a valid, final judgment was rendered upon the merits.Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. In the case at bar, this Court has already determined in Appellant's prior appeal that the domestic relations court did not abuse its discretion in awarding Appellee a lump sum judgment of $14,720 for child support arrearages. See Donelly, supra, at 4-7. Similarly, the record reveals that the magistrate and the court reference and continue to follow this Court's prior decision in subsequent journal entries. Based on this Court's previous determination, Appellant's argument is not well taken.
 Assignment of Error Number Two The [domestic relations] court erred by placing the burden of proof of nondischargeability upon [Appellant].
In his second assignment of error, Appellant has asserted that the domestic relations court erred when it assigned him the burden of proving the judgment was not in the nature of child support. Initially, this Court notes that Appellant failed to assign this as error when he objected to the magistrate's decision. Civ.R. 53(E)(3)(b) provides, in pertinent part that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Accordingly, Appellant waived this argument. His second assignment of is overruled.
 Assignment of Error Number Three The [domestic relations] court erred by asserting jurisdiction on the issue of dischargeability of [Appellee's] claim.
In his third assignment of error, Appellant has argued that the domestic relations court did not have jurisdiction to determine the dischargeability of the judgment in question. After reviewing the record in the case at bar, this Court rejects Appellant's argument. The order from the bankruptcy court specifically stated that if the domestic relations court determined that the judgment was for child support, then
the debt is nondischargeable. Thus, the domestic relations court only had to determine whether the judgment was for child support, an issue clearly within its jurisdiction. Appellant's argument is without merit.
 III.
Appellant's assignments of error are overruled. The judgment of the domestic relations court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., SLABY, J., CONCUR.