JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. The appellants Donald and Judy Hudson raise three assignments of error for our review: (1) the defendants-appellees failed to plead and prove a former judgment; (2) the trial court erred in granting summary judgment on the basis of res judicata when joinder of several causes of action is permissible but not mandatory; and (3) the trial court erred in determining that a single cause of action was split.
 {¶ 2} The appellants brought a medical malpractice claim against doctors Patrick McCarthy and Robert Hobbs and against the Cleveland Clinic Foundation ("appellees") (case number 350359). Four days before this trial, the appellants filed a complaint alleging fraud against the same appellees (case number 401694). The jury returned a verdict in favor of the appellees in case number 350359, after which the appellees were served with case number 401694. The appellants voluntarily dismissed this fraud claim and timely refiled. In the refiled case numbered 443125, the trial court granted summary judgment in favor of the appellees, holding that the doctrine of res judicata barred the appellants' claims subsequent to case number 350359. The appellants appeal the trial court's grant of summary judgment in case number 443125.
 {¶ 3} In their fraud claim, the appellants allege that the appellees altered Donald's medical records in order to conceal the appellees' malpractice. The medical records, therefore, are those concerning Donald's treatment that was the basis of the appellants' original medical malpractice claim (350359). Because the fraud claim involved those medical records, the trial court held that the appellants should have brought the fraud claim with the medical malpractice claim.
 {¶ 4} The applicable law holds that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Here, the claim for fraud arose "out of the" medical malpractice claim and the trial court correctly ruled that the fraud claim is therefore barred.
 {¶ 5} Further, the appellees properly pled the affirmative defense of res judicata and were therefore not precluded from raising the issue.
 {¶ 6} Finally, the trial court did not err by treating the fraud and medical malpractice claims as part of "a single cause of action." The doctrine of res judicata requires plaintiffs to seek any and all remedies "`against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" Id. at 382, quoting 1 Restatement of the Law 2d, Judgments (1982), Section 24(1). A "transaction" is a "`common nucleus of operative facts.'" Grava at 382, quoting 1 Restatement of the Law 2d, Judgments (1982), Section 24, Comment b. Finally, "`[t]hat a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.'" Grava at 382-383, quoting 1 Restatement of the Law 2d, Judgments (1982), Section 24, Comment c.
 {¶ 7} In other words, the appellants should have brought all claims arising out of Donald's medical stay in one claim. Their failure to do so and the resolution of their first case (350359) extinguished any remaining claims they might have had against the appellees arising out of Donald's treatment. Therefore, the trial court did not err in granting the appellees' motion for summary judgment.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).