OPINION
{¶ 1} Defendant, Kenneth Thompson, appeals from an order ofthe court of common pleas overruling Thompson's motion to modifyhis sentence.
 {¶ 2} In December of 1996, Thompson was convicted of multiplefelony offenses and was sentenced to serve a twelve-year term ofimprisonment. Thompson subsequently filed several motions toreduce his sentence, which were overruled. We affirmed Thompson'sconviction and sentence on direct appeal. State v. Thompson(Oct. 22, 1999), Clark App. No. 98-CA-100.
 {¶ 3} On November 19, 2003, Thompson filed another motion tomodify his sentence. Thompson argued that the trial court erredwhen it imposed his sentence absent the particular statutoryfindings required by R.C. 2929.14 with respect to it and thepronouncement of those findings the court is now required tomake. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.The trial court overruled the motion without comment. Thompsonfiled a timely notice of appeal from that order.
 FIRST ASSIGNMENT OF ERROR {¶ 4} "The trial court abused it [sic] discretion when it gaveno facts or findings of [sic] conclusions of law to support theoverruling of appellants [sic] motion to modify his sentence.
 SECOND ASSIGNMENT OF ERROR {¶ 5} "The trial court abused it [sic] discretion when [sic]not considering defendants [sic] motion to modify his sentence."
 {¶ 6} The judgment of conviction and sentence that the trialcourt entered and journalized in December of 1996 was a finalorder that terminated the trial court's jurisdiction in theproceeding in which it was entered. The motion that Thompsonfiled in 2003 was insufficient to revive the court's jurisdictionto grant the relief it sought, a modification of his sentence,absent some specific basis in law.
 {¶ 7} A court's jurisdiction to modify a sentence it hasimposed may be invoked pursuant to R.C. 2929.51, which concernssentences imposed for misdemeanor offenses. Thompson's offenseswere felonies, for which no provision similar to R.C. 2929.51exists.
 {¶ 8} A court's jurisdiction to modify a sentence may also berevived by an App.R. 27 mandate of an appellate court requiring atrial court to impose a new sentence after a sentence has beenvacated. Our prior review of Thompson's first appeal produced nosuch mandate.
 {¶ 9} We conclude that the trial court lacked jurisdiction togrant the relief Thompson sought in the criminal proceeding thatresulted in his conviction and sentence. The further question iswhether his motion to modify his sentence invoked newjurisdiction the court is authorized by law to modify.
 {¶ 10} Thompson argues that the trial court erred when itdenied his motion absent the hearing that R.C. 2953.41 requireswhen a petition for post-conviction relief authorized by thatsection is filed, unless the court finds that the petitionpresents no substantive grounds for relief. The court made nosuch findings. However, it was not required to.
 {¶ 11} Thompson's application was not styled or fashioned asan R.C. 2953.41 petition, in either its form or substance.Neither did it address the time bar in R.C. 2953.21 applicable toany such petition Thompson could file. The trial court did noterr when it overruled Thompson's motion as it did.
 {¶ 12} Otherwise, if Thompson's motion sought to invoke thecourt's jurisdiction in a new proceeding, the relief it sought isbarred by res judicata. The error alleged could have been raisedin his prior appeal but was not. Thompson may not now raise it ineither a new appellate proceeding or in a new proceeding in thetrial court seeking relief from the effect of the error alleged.Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379.
 {¶ 13} The assignments of error are overruled. The judgmentfrom which the appeal is taken will be affirmed.
 Fain, P.J. and Brogan, J., concur.