OPINION
{¶ 1} This is an appeal from an order of the court of common pleas adopting a magistrate's decision that found the Appellant, Dennis Karns, in contempt for failure to pay spousal support and deliver property divided by a divorce decree.
 {¶ 2} Dennis and Triana Karns were divorced in March of 2002. On September 13, 2004, the magistrate found Dennis[1] in contempt for failure to pay Triana $2,084 in spousal support and $3,290 as Triana's share of the equity from a parcel of real estate and $3,000 for her share of the value of multiple automobiles.
 {¶ 3} Dennis moved for an extension of the fourteen day period for filing objections on September 24, 2004, citing a need for time to obtain counsel. The trial court overruled his motion on October 1, 2004, noting that Dennis had chosen to act as his own counsel for over a year. Dennis failed to file objections and the trial court adopted the magistrate's decision on October 5, 2004. Dennis filed a timely notice of appeal.
 {¶ 4} Dennis raises four issues which we will take as one assignment of error. He argues that: 1) he should receive a credit for half of $6,778 Triana spent from a joint account prior to the divorce; 2) that the magistrate failed to enforce a provision in the March, 2002, divorce decree requiring Triana to pay him $1,269; 3) that the effective date for termination of spousal support found in a June, 2004, decision should be in August, 2001; and 4) that the magistrate failed to enforce a December, 2002, order allowing Dennis to recover $3,000.
 {¶ 5} The error Dennis assigns involve matters that were determined in the decree of divorce and other post-decree final orders that were journalized on April 11, 2002, June 17, 2002, December 23, 2002, and July 6, 2004. The record does not reflect what happened after those orders that led to the magistrate's decision of September 13, 2004, which the court adopted on October 5, 2004, and from which this appeal was taken. However, it is clear that the October 5, 2004 order granted no relief concerning the error Dennis assigns.
 {¶ 6} Dennis is barred from pursuing the error he raises in this appeal for several reasons.
 {¶ 7} First, Dennis failed to file objections to the magistrate's decision of September 13, 2004, which bars him from assigning as error on appeal the court's adoption of that decision in its order of October 5, 2004, from which this appeal was taken. Civ.R. 53(E)(3)(d).
 {¶ 8} Second, the particular errors which Dennis assigns in this appeal concern matter determined in final appealable orders the court had entered prior to the order of October 5, 2004, from which this appeal was taken, and are therefore outside the scope of the review permitted in this appeal. App.R. 3, 4.
 {¶ 9} Third, because those prior judgments were final, and valid, they bar subsequent post-decree proceedings presenting the same questions of fact and law. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379.
 {¶ 10} And, fourth, with respect to those claims that challenged the property division orders in the decree of divorce, the court lacked jurisdiction to adjudicate them. R.C. 3105.171(I).
 {¶ 11} The assignments of error are overruled.
 {¶ 12} The judgment of the trial court will be affirmed.
Wolff, J. And Fain, J., concur.
[1] For convenience, the parties will be referred to by their first names.