[Cite as *State ex rel. Slager v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2014-Ohio-5022, 2014-Ohio-5022.]

*NOTICE*

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5022

THE STATE EX REL. SLAGER *v.* OHIO DEPARTMENT OF REHABILITATION & CORRECTION ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Slager v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2014-Ohio-5022.]

*Mandamus—Jail-time credit—Same claim already dismissed twice voluntarily—Res judicata—Cause dismissed.*

(No. 2013-1815—Submitted November 6, 2014—Decided November 13, 2014.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Michael W. Slager, seeks a writ of mandamus to compel respondents, the Ohio Department of Rehabilitation & Correction ("ODRC") and the Bureau of Sentence Computation ("BOSC"), to grant him additional jail-time credit.

{¶ 2} We dismiss the cause. The case is res judicata, as Slager twice filed and twice voluntarily dismissed identical claims in the Tenth District Court of Appeals.

*Procedural history*

{¶ 3} Slager was sentenced in the Franklin County Court of Common Pleas in June 2008 for two separate offenses. In case No. 07CR-04-2407, he was sentenced to two years, and in case No. 07CR-2358, he was sentenced to five years. The court ordered that these two sentences be served consecutively, but concurrently with another sentence from Delaware County.

{¶ 4} The journal entries from the two Franklin County cases both stated that Slager had earned 273 days of jail-time credit. BOSC calculated his sentence under Ohio Adm.Code 5120-9-4(G), subtracting 273 days (as well as an additional 5 days to account for the time after sentencing and before Slager was transferred to ODRC custody) from his combined sentence. In 2012, after the Ohio Public Defender's Office inquired about Slager's jail-time credit, BOSC made contact with the sentencing court for clarification. That court confirmed that Slager's 273 days were not to be duplicated.

{¶ 5} In December 2012, Slager, believing that he was entitled to an additional 278 days of credit, filed his first complaint for a writ of mandamus in the Franklin County Court of Appeals. In his complaint, Slager alleged that BOSC failed to subtract the additional 278 days from his sentence and requested a writ ordering ODRC, the Ohio Adult Parole Authority, and BOSC to subtract the extra days. Slager later filed a motion to voluntarily dismiss the action without prejudice. The court granted his motion, indicating that it was to be treated as a Civ.R. 41(A) notice of dismissal.

{¶ 6} In September 2013, Slager refiled his mandamus claim in the same court. This second complaint involved the same parties and the same relief as in the first case (but asking for the subtraction of only 273 days from his sentence).

2

In November 2013, Slager filed a motion to withdraw his second case, specifically citing Civ.R. 41(A). Slager stated in the motion that he would not refile regarding the issues in the case in that court. The court of appeals granted Slager's motion.

{¶ 7} Slager filed the present case in this court on November 18, 2013. The complaint names the same parties and the same issue: that the agencies have ignored the journal entries and have failed to subtract the additional 273 days of jail-time credit.

{¶ 8} On January 22, 2014, we issued an alternative writ and a briefing schedule. Both sides have submitted evidence and briefs, and Slager filed a motion to strike the respondent's merit brief. The respondents filed a memo opposing the motion to strike. On March 3, 2014, Slager filed a motion for judgment on the pleadings, but respondents failed to respond to that motion.

*Analysis*

**Motion to strike:**

{¶ 9} Slager filed a motion to strike the respondents' brief because, he alleged, they failed to file it timely. The respondents assert that the court's briefing schedule allowed them 20 days after Slager's brief, and that their brief was filed exactly 20 days after Slager filed his. The respondents are correct. They filed exactly 20 days after Slager filed his brief. We deny the motion.

**Res judicata:**

{¶ 10} Respondents assert that Slager's claims are precluded under the doctrine of res judicata. The doctrine holds that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

{¶ 11} Here, Slager has brought two previous cases against the same parties, making the same legal and factual claims. He dismissed both voluntarily,

and the court in which they were filed considered both as voluntary dismissals under Civ.R. 41(A). That rule states that a voluntary dismissal is considered to be without prejudice, "except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Civ.R. 41(A)(1).

{¶ 12} Under the terms of Civ.R. 41, Slager's dismissal in his second case "operat[ed] as an adjudication upon the merits" of his claim to extra jail-time credit and is thus res judicata. We therefore dismiss the cause.

Cause dismissed.

O'C<small>ONNOR</small>, C.J., and P<small>FEIFER</small>, O'D<small>ONNELL</small>, L<small>ANZINGER</small>, K<small>ENNEDY</small>, F<small>RENCH</small>, and O'N<small>EILL</small>, JJ., concur.

_____

Michael W. Slager, pro se.

Michael DeWine, Attorney General, and Peter L. Jamison, Assistant Attorney General, for respondents.

_____