DISSENTS, SAYING:
 I respectfully dissent as I feel the trial court correctly held that the matter is barred by res judicata. Under Ohio law a party is barred from litigating a claim which was actually litigated in a prior action or which might have been properly litigated. Grava v. Parkman Twp. Bd. Of Zoning Appeals (1995), 73 Ohio St.3d 379.
In 1992 Appellant filed a declaratory judgment action regarding "its rights under the lease." Appellant specifically asked in this complaint whether it could exercise more than one option to renew at the same time. A final judgment was rendered in that action and an appeal to this Court followed. The instant appeal stems from a declaratory judgment action, filed by the appellant, with respect to its rights under the lease, and a forcible entry and detainer counterclaim. I would find that the lower court was barred from determining the Appellant's rights under the lease by claim preclusion.
The lower court based its decision on the forcible entry and detainer counterclaim on its understanding that the prior court had determined that Appellant could not exercise more than one option at a time, and was thus no longer entitled to possession of the leased premises. Because the issue was not actually decided, and is barred from litigation by claim preclusion, the issue must be decided on grounds other than the Appellant's rights under the contract. It is not clear that, absent a specific prior determination of the Appellant's rights under the contract, the decision on the forcible entry and detainer claim would be the same.
I would affirm with respect to the determination on the declaratory judgment claim. I would reverse the determination on the counterclaim, and remand for further consideration by the trial court on grounds consistent with the limitation noted above.