PARKS, APPELLEE, *v.* GARNES, ADMR., ET AL., APPELLANTS.

[Cite as Parks v. Garnes (1977), 49 Ohio St. 2d 251.]

(No. 76-375—Decided March 23, 1977.)

252

Mr. *Robert C. Parks,* pro se.
Mr. *William J. Brown,* attorney general, Mr. *Richard A. Szilagyi* and Mr. *Raymond A. Stegmeier,* for appellants.

DAY, J. Despite the statutory and decisional maze this cause has traveled, the question for decision now is fairly simple: Whether benefits under R. C. 4141.28, paid in error, are subject to repayment or recoupment against future benefits pursuant to R. C. 4141.35(B)(1). The question is properly answered in the affirmative. We reverse the judgment of the Court of Appeals.

The portion of R. C. 4141.35 relevant here provides:

"(B) If the administrator finds that an applicant for benefits has been credited with a waiting period or paid

benefits to which he was not entitled for reasons other than fraudulent misrepresentation, the administrator shall:

"(1) Within three years after the end of the benefit year in which such benefits were claimed by order cancel such waiting period and require that such benefits be repaid to the bureau of employment services or be withheld from any benefits to which such applicant is or may become entitled before any additional benefits are paid. * * *"

The plain terms of the statute authorize the administrator to order nonfraudulent overpayments repaid or recouped by withholding from current or future entitled benefits of the applicant. This remedy has judicial sanction from this court (see *United Steel Workers of America, AFL-CIO* v. *Doyle* [1958], 168 Ohio St. 324, 327), and nothing in *California Dept. of Human Resources* v. *Java, supra*, forbids it. Indeed, the decisional impact of *Java* does not reach the issue at all.[5]

The reliance by the Court of Appeals upon R. C. 4141.-28(E)(4) is misplaced. That section provides, in pertinent part:

"If the administrator determines that the eligibility notice was not timely filed or does not contain specific facts which affect the claimant's eligibility, notice of such determination shall be mailed to the notifying employer who may appeal such determination as provided in this section, but such appeal shall not stay the payment of benefits. In the event the decision of the administrator is reversed on reconsideration or appeal, benefits paid for the period in dispute shall not be recovered but shall be transferred from the employer's account to the mutualized account created by Section 4141.25 of the Revised Code."

It is plain that R. C. 4141.28(E)(4) contemplates *no* recoupment for benefits paid during a disputed period under *certain* circumstances. One or the other of those

---

[5] Only an oblique footnote reference touches the question and that reference is susceptible to an interpretation as dictum favorable to recoupment. See fn. 4, *supra*.

circumstances is a precondition to the employer's right to appeal. The crucial language is:

"If the administrator determines that the eligibility notice was not timely filed or does not contain specific facts which affect the claimant's eligibility * * * the notifying employer * * * may appeal such determination. * * *"

One must strain to find ambiguity in the conditions which the statute puts upon the right to appeal. It is equally clear that once the conditions are met and an appeal taken no benefits paid are to be recovered by the state whether the appeal is successful or not.

The facts in the present cause simply do not quicken rights under R. C. 4141.28(E)(4). There were no additional facts presented on appeal to warrant reversing the administrator's decision. There was no lack of timeliness nor mistake of the facts. What was mistaken was the administrator's perception of the law. This perception was refined by the *Beulah Park* decision, *supra*, leaving the administrator no option but to conclude that his formulation of the law was incorrect. Accordingly, R. C. 4141.-28(E)(4) is not apposite to decision here. The mistake of law activated R. C. 4141.35(B)(1) which requires the order of repayment or recoupment at issue.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

DAY, J., of the Eighth Appellate District, sitting for W. BROWN, J.