OPINION
Anthony Coles is appealing, pro se, the decision of the Montgomery County Court of Common Pleas upholding a decision of the Ohio Unemployment Compensation Review Commission ordering Anthony Coles to repay benefits which he was not eligible to receive. The facts and the rationale of the court's decision are set forth in the following pertinent parts of its entry:
 I. STATEMENT OF THE CASE, Appellant Anthony Coles ("Mr. Coles") filed an application for unemployment benefits for a benefit year beginning February 11, 1996. The Administrator held that Mr. Coles had been terminated from his employment without just cause. Mr. Coles was paid benefits during the weeks between February 24, 1996 and August 17, 1996, in the amount of three thousand three hundred eighty and no/100 dollars ($3,380.00). Upon appeal, the Ohio Unemployment Compensation Review Commission ("Commission") found that appellant had been discharged for cause, thereby suspending Mr. Coles' benefit rights. This suspension of benefit rights by the Commission was sustained by the Montgomery County Court of Common Pleas, and the Second District Court of Appeals. The Supreme Court of Ohio declined jurisdiction to hear the case. See, Anthony Coles v. Administrator, O.B.E.S.
(July 25, 1997) Mont. C.P. No. 96-5298, unreported; Anthony Coles v. Administrator, O.B.E.S. (April 3, 1998), Mont. App. 16716, unreported; Anthony Coles v. Administrator, O.B.E.S. (July 22, 1998), Ohio S.C. No. 98-776, unreported. After failing to reestablish his benefit rights, the Commission found that Mr. Coles had been overpaid benefits pursuant to R.C. 4141.35(B) (Appendix 4). The Commission ordered Mr. Coles to repay the benefits to which he was not entitled. Mr. Coles appeals the determination of overpayment and the order for repayment.
* * *
 The Commission found that Mr. Coles was not eligible to receive the unemployment benefits for which he applied and received. The Montgomery County Court of Common Pleas, and the Second District Court of Appeals affirmed the Commission's decision. Mr. Coles appeals the Commission's determination that he must now repay the benefits that he received on the grounds that he did not receive a fair hearing and that there is a typographical error in the employer's report. By raising these issues, Mr. Coles is attempting to argue the procedural inadequacies and the factual merits to show that he was indeed eligible for the benefits received and is therefore not required to repay them. The Montgomery County Court of Common Pleas and the Second District Court of Appeals reviewed the initial hearing to address Mr. Coles' appeal of the determination that he was ineligible for benefits. Mr. Coles should have raised these issues regarding the hearing on his eligibility at his appeal of the Commission's determination of his ineligibility. The issue of eligibility has been decided and pursuant to res judicata cannot be collaterally challenged in this appeal. Having acknowledged Mr. Coles ineligibility to receive unemployment benefits, R.C. § 4141.35(B) provides that:
 (B) If the administrator finds that an applicant for benefits has been credited with a waiting period or paid benefits to which he was not entitled for reasons other than fraudulent misrepresentation, the administrator shall:
 (1) Within three years after the end of the benefit year in which such benefits were claimed by order cancel such waiting period and require that such benefits be repaid to the bureau of employment services or be withheld from any benefits to which such applicant is or may become entitled before any additional benefits are paid. * * *
 The plain terms of the statute authorize the Administrator to order non-fraudulent overpayments repaid. Parks v. Garnes (1977), 49 Ohio St.2d 251, 361 N.E.2d 1057. The Commission has found that Mr. Coles received payments for which he was ineligible. The Administrator is now ordering repayment of those funds. This Court affirms the Commission's decision and hereby orders Appellant Anthony Coles to repay the benefits for which he was ineligible in compliance with R.C. § 4141.35(B), the decision of the Ohio Unemployment Compensation Review Commission, and the order of the Administrator of the Ohio Bureau of Employment Services.
On his appeal, Mr. Coles has filed a one-page brief which, after summarizing the history of this case, simply states as follows: "Due to the unfairness of this Court Appellant is back. Appellant will only reiterate what was stated in Appellant [sic] Motion For Reconsideration. `The question now is does this physical evidence out weight [sic] the testimony of the Defendant.'"
We can make no sense of appellant's cryptic comment and even if we did, it would not make any difference because res judicata
requires a decision against Coles. As pointed out by the trial court, this appeal involves the identical subject matter and parties as case number CA 16716 (OBES) (April 3, 1998), Montgomery App. No. 16716, unreported. We affirmed the decision of the trial court then, and the Supreme Court declined jurisdiction. That judgment is final, and Coles cannot re-litigate. "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman Township (1995), 73 Ohio St.3d 379, syllabus.
The judgment is affirmed.
BROGAN, J. and FAIN, J., concur.