DECISION AND JOURNAL ENTRY
Appellants Lee and Lun Hang-Fu have appealed from a judgment of the Lorain County Common Pleas Court that dismissed their third-party complaint against Appellees Hale Homes, Inc. and William Bishop pursuant to the doctrine of res judicata. This Court affirms.
 I.
On or about July 27, 1995, Appellants entered into an agreement with Appellees for the purchase and sale of certain lots located in North Ridgeville, Ohio. The agreement stated that the option to purchase the lots was open until July 27, 1996. Although Appellees purchased most of the lots, some of the lots remained available after the expiration date.
During March of 1997, Appellants entered into a contract with Daniel Girard for the sale of the remaining lots located in North Ridgeville, Ohio. Prior to the closing, a title search revealed that Appellees had filed an affidavit which indicated an interest in the property. Appellants immediately filed an action against Appellees for declaratory judgment, tortious interference with contractual relationships, and slander of title in Cuyahoga County. Lee Hang-Fu v. Halle Homes, Inc., (May 27, 1999), Cuyahoga C.P. No. 331464, unreported. Appellees filed a counterclaim, asserting breach of contract, specific performance, and fraud. Neither party in the Cuyahoga County case moved to join Girard as a party. Shortly thereafter, on April 18, 1997, Girard filed an action in the Lorain County Common Pleas Court against Appellants for breach of contract and fraud, seeking damages and specific performance.
On May 17, 1999, the Cuyahoga County case was tried before a jury. At the close of Appellants' case, the trial court granted their motion for a directed verdict on Appellees' breach of contract claim, holding that Appellants had not breached the contract. The jury rendered a verdict for Appellants on the intentional interference claim and against Appellees on its fraud counterclaim. The trial court then issued a judgment entry for Appellants' declaratory judgment action which stated:
 (1) [Appellees have] no right, title or interest in the property described in the Purchase Agreement dated July 27, 1995 ("The Contract") within three hundred sixty-five (365) days from the date of agreement;
 (2) The Contract expired by its own terms as to all lots not purchased by [Appellees] within three hundred sixty-five (365) after the date of execution of the agreement;
 (3) [Appellees have] no right to purchase the property under The Contract either at the originally set purchase price or at any discounted price.
 (4) [Appellants] may sell or transfer the property free of any restrictions or obligation contained in The Contract;
 (5) The affidavit filed by [Appellees] pursuant to R.C. 5301.252 has no effect upon title to the property or on the ability of any party to transfer such property; and
 (6) [Appellees are] ordered to immediately withdraw the affidavit and make any filings necessary to establish, of record, such withdrawal.
 While the Cuyahoga County case was pending, Appellants joined Appellees to the case in Lorain county by filing a third-party complaint, alleging intentional interference with the business and contractual relationships between Griard and Appellants. In response, Appellees filed a counterclaim against Appellants, asserting breach of contract and fraud. After the trial court issued a judgment in the Cuyahoga County case, Appellants filed a motion in Lorain County to have Appellees' third-party counterclaim barred by res judicata. Appellees then filed a motion to dismiss Appellants' third party complaint, arguing res judicata. On June 29, 1999, the trial court dismissed both Appellants' third party complaint and Appellees' counterclaim based on the doctrine of res judicata.[1] Appellants timely appealed, asserting one assignment of error.
 II. The trial court erred in holding that the third party (sic) complaint was barred by res judicata.
 In their sole assignment of error, Appellants have asserted that their third-party complaint contains separate claims which were not litigated in the prior action. Additionally, Appellants have argued that res judicata cannot apply because Girard was not a party to the action in Cuyahoga county. This Court will address both arguments separately.
The doctrine of res judicata bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action in which a valid, final judgment was rendered upon the merits. Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 382. A transaction was defined in Grava as "a common nucleus of operative facts." Id. at 382.
In the case at bar, neither party disputes the fact that Appellants recovered a judgment in their favor against Appellees in Cuyahoga County. One of Appellants' grounds for relief in that prior action was damages for Appellees' intentional interference with contract relationships. The subject matter of the dispute in the Cuyahoga County case was an affidavit filed by Appellees. In the instant action between Girard and Appellants for breach of contract and specific performance, Appellants have once again pointed to Appellees' affidavit and argued in their third-party complaint that Appellees intentionally interfered with the contract between Girard and Appellants. Appellants even stated in their motion to dismiss Appellees' counterclaim in this third-party action that "it is beyond dispute that both the legal theories and the operative facts in both this action and the previous action are the same." Because Appellants have argued the same general subject in both actions, including the same theory of intentional interference, their third-party complaint is barred byres judicata and because both actions arose from a common nucleus of operative facts.
Additionally, Appellants have argued that res judicata is not applicable because the Girard transaction was not resolved in the Cuyahoga County case. This Court disagrees. The Ohio Supreme Court further held in Grava that claim preclusion "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action * * * [t]o seek remedies or forms of relief not demanded in the first action." Id. at 383 (Emphasis omitted). Here, Appellants could have included the Girard transaction as part of their damages under their claim of intentional interference with contracts. The record revealed that Appellants were aware that Girard had filed an action against them in Lorain County while the case in Cuyahoga County was pending. Appellants could have consolidated the case at bar with the prior action or requested that Appellees indemnify them as to any judgment which might be rendered against them. Appellants' failure to seek these available theories in the previous proceeding will not prohibit the application of resjudicata in the case before this Court. Accordingly, Appellants' sole assignment of error is overruled.
 III.
Appellants' assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 __________________ BETH WHITMORE
SLABY, P. J., CARR, J., CONCUR.
[1] On July 28, 1999, the trial court amended its order nuncpro tunc in order to comply with R.C. 2505.02 and Civ.R. 54(B).