DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Coventry Township Board of Zoning Appeals ("the Board"), appeals the reversal of its denial of a variance in the Summit County Court of Common Pleas. We affirm.
 I.
Approximately thirty years ago, Robert L. Davis, appellee, purchased a lot at the intersection of Bender Avenue and Lamb Drive.[1] The lot is rectangular, being approximately one hundred thirty-three feet long and fifty-five feet wide. Bender Avenue borders the northern line of the property for approximately one hundred thirty-three feet, while Lamb Drive borders the westerly line of the property for approximately fifty- five feet. Proceeding along Bender Avenue, the roadway bends to the west, straightens as it proceeds along the northerly property line of Mr. Davis' property then makes a sharp turn to the north at the end of Mr. Davis' property. Lamb Drive intersects Bender Avenue at the point where Bender Avenue turns north or, in relation to Mr. Davis' property, at the northwest corner of Mr. Davis' lot.
In May of 1998, Mr. Davis requested variances in regard to this lot, which will be discussed more fully infra, so that he could build a single story home on the property. The Board, after conducting a hearing at which several local property owners spoke, denied his variance requests. Mr. Davis modified his proposed plan so as to minimize the concerns raised at the May 1998 hearing and submitted a new plan and request for a variance in November 1998. After conducing a hearing on the matter, the Board denied Mr. Davis' request. Mr. Davis filed an appeal of the Board's decision in the Summit County Court of Common Pleas on December 16, 1998. The matter was fully briefed and submitted to the trial court. On April 18, 2000, the trial court entered judgment, finding the Board's decision to have been arbitrary, capricious, and unsupported by a preponderance of substantial, reliable, and probative evidence, and accordingly, reversing the Board's decision. This appeal followed.
 II.
The Board asserts two assignments of error. We will address each in turn.
 A. First Assignment of Error THE TRIAL COURT ERRED WHEN IT COMPLETELY IGNORED AND FAILED TO RULE THAT THE DOCTRINE OF RES JUDICATA BARRED APPELLEE'S SECOND APPLICATION TO THE BOARD OF ZONING APPEALS.
 The Board avers that Mr. Davis' November 1998 request for a variance was barred by the doctrine of res judicata because it was substantially similar to his May 1998 request for variances, which was denied. The Board asserts that, as his May 1998 request for variances was denied and not appealed and raised the same issues as his November 1998 request for a variance, he is now barred by the doctrine of claim preclusion from, essentially, collaterally attacking the Board's May 1998 decision through this appeal. We disagree.
A determination of whether the doctrine of res judicata bars an action is a question of law which an appellate court reviews de novo. Payne v.Cartee (1996), 111 Ohio App.3d 580, 586-87.
The Ohio Supreme Court has held, in regard to the decision of a board of zoning appeals, that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. The doctrine of res judicata is applicable to the decision of a township board of zoning appeals decision granting or denying a variance. Id. at 381. Res judicata encompasses both the doctrine of issue preclusion and the doctrine of claim preclusion. Id. "To determine whether a second action [is] barred by [claim preclusion], one of the primary considerations [is] the identity of the evidence necessary to sustain each action." Id. Moreover, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at 382. A transaction is a common nucleus of operative facts. Id.
In the instant case, we conclude that res judicata was inapplicable to Mr. Davis' second application for a variance because his second application for a variance did not share a common nucleus of operative facts with his first application for variances. The Board submitted copies of the maps provided by Mr. Davis with each of his variance applications in its merit brief to the trial court. Mr. Davis proposed construction of a twenty-eight foot by fifty foot house with a twenty-four by twenty-four foot square attached garage in his May 1998 plan. He proposed to construct his driveway so that it would let out onto Bender Avenue. Further, the house and garage would have only an eight-foot setback from an adjoining lot along one side of the lot, an 18.97 foot setback from the adjoining lot in the rear of the property, and a seventeen foot setback from the side of the lot adjoining Bender Avenue. Hence, the plan required numerous variances. However, in his November 1998 plan, Mr. Davis had changed numerous characteristics of his proposed construction to alleviate the concerns that were raised in regard to his initial plan. Namely, he (1) increased the setback from the adjoining lot to ten feet, (2) increased the setback from the rear adjoining property to over forty feet, (3) changed the location of the garage and driveway so that it would let out onto Lamb, and (4) slightly increased the setback from Bender Avenue. In accomplishing these revisions, Mr. Davis had to substantially decrease the size of his proposed house so he proposed a second story. He also reduced the number of variances needed to one — a variance of the setback required from Bender Avenue.
In Grava, the Ohio Supreme Court applied res judicata where the appellant "was attempting to construct exactly the same building on the same tract of land. * * * In fact, the only difference between the two applications is the theory of substantive law under which [appellant] sought relief." Grava, 73 Ohio St.3d at 383. Here, however, Mr. Davis' plans were substantially different. He modified his entire proposed plan to accommodate the concerns of the Board and citizens who spoke at the hearing for his May 1998 application for variances. Were we to find his subsequent application for a variance to be barred by res judicata, one would appear to be forever barred from requesting a variance after having a variance once denied despite one's best effort to change one's proposal to ameliorate the concerns of the applicable board. Hence, we conclude that Mr. Davis' second application for a variance was not barred by resjudicata as it arose from different operative facts than his first application for variances. Accordingly, the Board's first assignment of error is overruled.
 B. Second Assignment of Error THE TRIAL COURT ERRED IN IGNORING AND FAILING TO APPLY OR CONSIDER THE PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL, EVIDENCE SUPPORTING THE BOARD OF ZONING APPEALS DENIAL OF THE REQUESTED VARIANCE.
 The Board avers that the trial court erred in overturning its denial of Mr. Davis' request for a variance as arbitrary, capricious, and unsupported by a preponderance of substantial, reliable, and probative evidence. In short, the Board argues that considerations of traffic safety were sufficient to warrant the denial of Mr. Davis' request for a variance. Further, the Board asserts that Mr. Davis failed to show practical difficulties in his use of the property if the variance was not granted. We disagree.
In an appeal of an administrative decision pursuant to R.C. 2506 etseq., the scope of review by the court of common pleas is delineated by R.C. 2506.04. Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 612.
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.
 R.C. 2506.04. "The court of common pleas' decision may then be appealed to an appellate court `on questions of law as provided in the Rules of Appellate Procedure.'" (Emphasis and citation omitted.) Smith, 81 Ohio St.3d at 613. Moreover,
 "[a]n appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires the court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."
 Smith, 81 Ohio St.3d at 613, quoting Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. The court of appeals is limited to determining whether the court of common pleas abused its discretion while weighing the evidence. Town Suburb Dev. Co. v. Twinsburg (Feb. 6, 1991), Summit App. No. 14733, unreported, at 3. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
First, we will review the trial court's determination regarding the traffic concerns of the Board. We must determine whether the trial court abused its discretion in finding the Board's decision to be arbitrary, capricious, and unsupported by a preponderance of substantial, reliable, and probative evidence. Upon review of the evidence presented to the Board, the traffic accident report furnished by the Summit County Engineer evidenced only one accident relevant to the Board's concern in the area of Bender Avenue, adjacent to Mr. Davis' lot in the most current ten-year period available. Further, speculation at the hearing before the Board on Mr. Davis' variance seemed to center around the possibility that a vehicle would fail to negotiate the curves and impact any building located on Mr. Davis' lot. However, the evidence presented on this issue was only speculation as to this sort of danger.
 [T]raffic regulation must remain a byproduct of zoning activities, and the primary product must always be to insure the greatest enjoyment of one's land, taking into account the rights of others and the needs of the community. Thus, if the present proposal is otherwise lawful and proper, the public authorities must find some manner of dealing with the traffic hazards[.]
 State ex rel. Killeen Realty Co. v. E. Cleveland
(1959), 169 Ohio St. 375, 386. Further, "traffic regulations are a product of zoning and if land is located in zone [sic] where [the] contemplated use is legal, public authorities must find some other method of dealing with traffic hazards than curtailing use of land[.]" Elbert v. Bexley Planning Comm. (1995), 108 Ohio App.3d 59, 76, citing State ex rel. Stulbarg v. Leighton (1959), 113 Ohio App. 487, 490. Traffic considerations may be a part of the calculus of such decisions but are insufficient alone to justify the denial of an otherwise permitted use by the landowner. Elbert, 108 Ohio App.3d at 76. Further, while traffic considerations may be an important part of the review where a change in the nature and use of the area is proposed, which weighs on the area's character, if the use is otherwise permissible, traffic considerations may not control. See Schulte v. Copley Twp. (May 31, 2000), Summit App. No. 19745, unreported, at 5-6. We initially note that the facts of this case are somewhat different than the cases cited above, in that the Board's apparent concern is not with increased traffic or even an additional driveway on Bender Avenue, as Mr. Davis has changed his plan; rather, the Board's concern appears to be that the location of the lot makes it so inherently dangerous a location to build that no variance should be issued.
While the Board's earlier concern about Mr. Davis' proposal was that his driveway should not enter Bender Avenue in the middle of two curves may have been warranted, we cannot say that the trial court abused its discretion in finding that the Board's concern that a vehicle may hit a house situated on that lot was unsupported by a preponderance of substantial, reliable, and probative evidence. Moreover, during the hearing process, Board members voiced concern regarding their personal liability should a vehicle fail to negotiate the curves and impact the house. Further, assuming that the curves in Bender Avenue adjacent to Mr. Davis' lot are hazardous, Mr. Davis' driveway no longer enters upon those curves, but rather, enters upon Lamb Road.
The Board asserts that the statements of local residents and the Board regarding the safety of any building built upon the lot, due to the traffic on Bender Avenue, was sufficient evidence for the Board to conclude that the area variance should not be granted. However, while the evidence adduced was probative of the dangers inherent in Mr. Davis' plan to place the outlet of his driveway on Bender Avenue, we cannot say that the trial court erred in determining that there was not substantial, reliable, and probative evidence as to whether a building built on the lot would be in danger from or pose a danger to passing traffic. The trial court's conclusion is bolstered by the number of warning signs on Bender Avenue concerning the curves — by appellant's count fifteen and the lack of evidence concerning the risk level of such an accident. Accordingly, in the instant case, upon review of the record before the Board and trial court, we cannot conclude that the trial court abused its discretion in holding that the Board's concern was arbitrary, capricious, and unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record.
The Board also asserts that Mr. Davis failed to show practical difficulties, and hence, failed to meet his burden. "The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties."Kisil, 12 Ohio St.3d at syllabus.
 The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.
 Duncan v. Middlefield (1986), 23 Ohio St.3d 83, syllabus.
The Board argues that Mr. Davis purchased the lot for speculation and that he "cannot now come before the Township thirty years later to `bail him out' of an unwise investment decision." We, however, do not believe that the fact that one purchased a piece of property with a profit motive removes one from the legal protections guaranteed to other property owners. The Board asserts that government services will be adversely effected due to the emergency calls, which will be placed regarding a vehicle running into Mr. Davis' proposed building. However, there was no evidence presented regarding what the risk level is of this type of accident occurring. The evidence showed that the roadway is well-marked and that only one accident relevant to the concerns expressed by the Board occurred in the area adjacent to Mr. Davis' property in a ten-year period.
The parties agree that the setback from Bender Avenue must be forty feet and the setback from the adjacent lot ten feet. Thus, the area in which Mr. Davis may build is just over five feet wide. Hence, it appears that Mr. Davis' assertion that he can make no reasonable return or beneficial use of his property without the variance is well-founded. In fact, at least one Board member acknowledged that fact at the hearing. The Board avers that the variance is substantial, approximately one-half the required setback, and that this will substantially change the character of the neighborhood and increase the risk from and to passing traffic. However, there is no evidence that a method other than a variance will obviate Mr. Davis' dilemma. Further, the property is zoned residential. Hence, without such a variance substantial justice will be denied Mr. Davis as his lot will be unusable, as a five foot wide residence appears to be substantially equivalent to no residence at all. Hence, we cannot conclude that the trial court abused its discretion in finding the Board's decision to be arbitrary, capricious, and unsupported by a preponderance of substantial, reliable, and probative evidence when it determined that Mr. Davis failed to show that he would encounter practical difficulties without a variance. The Board's second assignment of error is overruled.
 III.
The Board's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J., CONCUR.
[1] There appears to be some dispute as to the name of this street. The Board refers to it as Lamb Drive while Mr. Davis states that the property's address is Otter Drive. Irregardless of this dispute, we find the name of the street to be immaterial to the resolution of this appeal. We will refer to the street in question as Lamb Drive.