OPINION
Defendant, Eric Harris, appeals from the trial court's judgment denying his motion to modify his sentence.
On January 7, 1994, following a jury trial, Defendant was found guilty of murder with a firearm specification, carrying concealed weapons, and illegal possession of a firearm in a liquor permit premises. The trial court sentenced Defendant to fifteen years to life on the murder charge, two years for carrying concealed weapons, and one year for possession of a firearm in a liquor permit premises. All of the sentences were ordered to run consecutively. In addition, the trial court imposed a consecutive three year prison term on the firearm specification, for a total aggregate sentence of twenty-one years to life.
We affirmed Defendant's conviction and sentence on direct appeal. State v. Harris (October 18, 1995), Clark App. No. 94CA37, unreported. No issue was raised in that proceeding regarding Defendant's sentence.
On May 29, 1996, Defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21. Once again, no issue was raised regarding Defendant's sentence. The trial court overruled Defendant's petition. Defendant appealed to this court. We affirmed the judgment of the trial court. State v. Harris (Sept. 26, 1997), Clark App. No. 96CA119, unreported.
On July 10, 2000, Defendant filed a motion asking the trial court to modify his sentence. The trial court denied Defendant's motion, holding that it had no authority to grant the relief requested. Defendant has timely appealed to this court.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY SENTENCING APPELLANT TO CONSECUTIVE SENTENCES FOR CARRYING A CONCEALED WEAPON, ILLEGAL POSSESSION OF A FIREARM IN A LIQUOR ESTABLISHMENT, AND, FIREARM SPECIFICATION AS THE COUNTS WERE ALLIED CRIMES OF SIMILAR IMPORT AND THE TRIAL COURT FAILED TO GIVE REASONS FOR IMPOSING CONSECUTIVE SENTENCES AS REQUIRED BY LAW.
We agree with the trial court that it lacked jurisdiction to modify the sentences it had imposed on Defendant in 1994.
The court's 1994 judgment entry of conviction and sentence was a final order. Once entered, final orders may not be modified by the court that enters them, except only on the mandate of a superior court. No such mandate exists here. Indeed, none was sought by way of any error Defendant had assigned for review in his prior appeals concerning the issues he now presents. Therefore, the particular claims which those issues involve are barred from consideration now on the basis of the motion that Defendant filed. Grava v. Parkman Township (1995),73 Ohio St.3d 379; State v. Perry (1967), 10 Ohio St.2d 175.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 _____________ GRADY, J.
WOLFF, P.J. and FAIN, J., concur.