OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellants, Eleanor S. McDonald, n.k.a. Eleanor S. Nozik, and Albert C. Nozik, appeal a decision of the Mentor Municipal Court entered on June 26, 2000, which awarded judgment to appellee, Anthony Cic, d.b.a. A.B.C. Automotive, in a case appellants filed seeking damages and possession of their automobile. The following facts are relevant to a determination of this appeal.
On November 4, 1999, appellants took their automobile to appellee for repairs. They had been given a written estimate for the repairs totaling $1,143.68. Once the repairs were made, however, the actual charges were allegedly $205 higher than the original estimate. Appellants refused to pay any of the charges, and appellee refused to return the vehicle.
On December 1, 1999, appellants filed the instant case in Mentor Municipal Court seeking damages and the return of their vehicle. On December 10, 1999, appellee filed a motion for dismissal or change of venue due to the fact that its place of business was located in Painesville, Ohio, which is within the jurisdiction of the Painesville Municipal Court. Then, on December 20, 1999, appellee filed a small claims complaint against appellants in Painesville Municipal Court based upon the same transaction.
On February 22, 2000, Mentor Municipal Court denied appellee's motion to dismiss or transfer the case, claiming that it did, in fact, have jurisdiction. Then, on April 4, 2000, Painesville Municipal Court dismissed the complaint that had been filed by appellee, withoutprejudice, based upon Civ.R. 13(A), reasoning that all claims and counterclaims should be decided by one court.
On March 20, 2000, appellee sought leave to plead in Mentor Municipal Court, which was granted for thirty days. On March 31, 2000, appellee filed an answer and counterclaim. On June 20, 2000, the matter proceeded to a trial to the court. Mentor Municipal Court entered judgment on June 26, 2000, awarding appellants possession of their vehicle and $180, and awarding appellee $1,156.75 on its counterclaim, for a net judgment in favor of appellee in the amount of $976.75.
Appellants timely filed a notice of appeal and have now set forth three assignments of error, although only two issues are actually raised. First, appellants contend that since Painesville Municipal Court dismissed appellee's complaint, res judicata prevented appellee from raising it as a counterclaim in Mentor Municipal Court. We disagree.
The Supreme Court of Ohio has held that "[a] valid, final judgmentrendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Emphasis added.) Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Additionally, Black's Law Dictionary states in pertinent part:
 "A dismissal `without prejudice' allows a new suit to be brought on the same cause of action. The words `without prejudice', as used in judgment, ordinarily import the contemplation of further proceedings, and, when they appear in an order or decree, it shows that the judicial act is not intended to be res judicata of the merits of the controversy. * * *" (Citation omitted.) Black's Law Dictionary (6 Ed.Rev. 1990) 1603.
 Thus, it is clear that the judgment of the Painesville Municipal Court dismissing appellee's claim without prejudice was not a final judgment rendered on its merits and did not preclude the filing of appellee's counterclaim in Mentor Municipal Court.
The second issue raised by appellants is whether it was error for Mentor Municipal Court to permit appellee to file a counterclaim without leave of court. We conclude that this did not constitute error. The trial court expressly granted appellee leave to plead. In addition to its answer, appellee filed a counterclaim. This was not only permissible, but required pursuant to Civ.R. 13(A). Hence, no error occurred.
Based upon the foregoing analysis, appellants' assignments of error are without merit.
The judgment of the trial court is hereby affirmed.
____________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., dissents with Dissenting Opinion, NADER, J., concurs.