OPINION
{¶ 1} Appellant, Gary Brent Sterling, and appellee, Dawn Sterling, were divorced on August 10, 2000 in Muskingum County, Ohio. Custody of their daughter, Megan, born July 25, 1997, was granted to appellee with phased-in visitation for appellant.
 {¶ 2} On January 19, 2001, appellee filed a petition for domestic violence civil protection order against appellee. Said petition was filed in the Court of Common Pleas of Fairfield County, Ohio. An order was issued on same date.[1]
 {¶ 3} On March 23, 2001, appellant filed a motion to dismiss the order, claiming proper venue was in Muskingum County as he had allegedly received a civil protection order from said court against appellee on February 6, 2001.
 {¶ 4} Several hearings were set and continued due to proceedings occurring in Muskingum County.
 {¶ 5} On January 11, 2002, appellant filed a motion to dismiss the order based upon a journal entry and opinion and decision filed by the Court of Common Pleas of Muskingum County on December 11, 2001. Within said opinion and decision, the trial court dismissed any and all civil protection orders within Muskingum County and opined the Fairfield County civil protection order should be dismissed.
 {¶ 6} A hearing was held on January 28, 2002. By order filed January 29, 2002, the trial court issued a civil protection order against appellant.
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING THE DEFENDANT, TO ENTER EVIDENCE INTO THE RECORD THAT PERTAINED TO TRIAL."
II
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING SUBPOENAED WITNESSES TO TESTIFY AFTER DEFENDANT, OBJECTED, BECAUSE THERE WAS NO RECORD ON THE DOCKET SHEET IN CASE 01-DR-32, THAT THEY WERE SUBPOENAED NOR WAS THERE ANY RECORD OF RETURN OF SERVICE, THEREBY DEPRIVING THE DEFENDANT ANY DEFENSE, OR ABILITY TO MOTION TO QUASH."
III
 {¶ 10} "THE TRIAL COURT ABUSED IT DISCRETION BY GOING FORWARD WITH TRIAL AFTER JUDGE JACKSON, WAS TO BE DISQUALIFIED BY THE SUPREME COURT OF OHIO, AND HAVING THE APPEARANCE OF BEING PREJUDICE, ALONG WITH THE KNOWLEDGE OF A PENDING FEDERAL LAW SUIT CASE NO. C2-01-528."
IV
 {¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION BY GOING FORWARD WITH TRIAL AFTER IT HAD ALREADY BEEN LITIGATED IN MUSKINGUM COUNTY IN CASE NO.'S DA99-0893, AND DH2001-0085."
V
 {¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION, AND ERRED BY LAW WHEN IT MADE ITS FINAL ORDER AFTER HEARING EVERY WITNESS TESTIFY THAT THERE WAS NO NEW EVIDENCE BROUGHT FORTH, THAN WAS ALREADY HEARD IN THE TRIALS OF MUSKINGUM COUNTY CASE NO.'S DA99-0893, AND DH201-0085."
VI
 {¶ 13} "THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE CIVIL PROTECTION ORDER BE REINSTATED UNDER FALSE AND MISLEADING REPRESENTATION OF THE PLAINTIFF'S ATTORNEY SANDY DAVIS, THAT PREVENTED THE DEFENDANT FROM SEEING HIS DAUGHTER FOR OVER ONE YEAR, AND THAT ALSO WENT AGAINST THE COURT ORDERS OF MUSKINGUM COUNTY IN CASE NO.'S DA99-0893, AND DH2001-0085."
VII
 {¶ 14} "THE TRIAL COURT ABUSED IT DISCRETION BY NOT DISQUALIFYING MAGISTRATE TROTTER, AFTER IT WAS MOTION, AND INFORMED THAT TROTTER WAS PART OF A FEDERAL LAW SUIT FILED BY THE DEFENDANT, BUT ALLOWED MAGISTRATE TO CONTINUE TO GRANT EVERY MOTION FILED BY THE PLAINTIFF'S ATTORNEY SANDY DAVIS, THEREBY PREVENTING THE DEFENDANT, FROM SEEING HIS DAUGHTER FOR OVER ONE YEAR, AND THAT ALSO WENT AGAINST THE COURT ORDERS OF MUSKINGUM COUNTY IN CASE NO.'S DA99-893, AND DH2001-0085."
VIII
 {¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION, AND ERRED BY LAW WHEN IT MADE ITS FINAL ORDER FINDING OF FACTS THAT IT STATED FALSE CLAIMS THAT WERE NOT PROVEN IN TRIAL."
IX
 {¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION, AND ERRED BY LAW WHEN IT REINSTATED A CIVIL PROTECTION ORDER THAT PREVENTED THE DEFENDANT, FROM HIS COURT ORDERED VISITS WITH HIS DAUGHTER AFTER IT KNEW THAT THERE WAS NO CLAIMS OF ANY HARM OR THREATS OF HARM TO THE DEFENDANTS DAUGHTER. AND ALSO WENT AGAINST THE COURT ORDERS OF MUSKINGUM COUNTY IN CASE NO.'S DA99-0893, AND DH2001-0085."
X
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION, AND ERRED BY LAW WHEN IT CONTINUED THE CASE BEYOND THE TEN DAY DEADLINE OF HAVING A FULL HEARING."
XI
 {¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION, AND ERRED BY LAW WENT IT PROCEEDED TO TRIAL AFTER IT WAS CHALLENGED BY DEFENDANT, THAT IT DID NOT HAVE JURISDICTION NOR VENUE."
XII
 {¶ 19} "THE TRIAL COURT ABUSED ITS DISCRETION, AND ERRED BY LAW WHEN IT FORCED THE DEFENDANT, TO BECOME A WITNESS AGAINST HIMSELF."
XIII
 {¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION, AND ERRED BY LAW WHEN IT ALLOWED EVIDENCE TO BE ADMITTED THAT WAS INTRODUCED BY SUBPOENAED WITNESSES THAT TESTIFIED AFTER DEFENDANT, OBJECTED, BECAUSE THERE WAS NO RECORD ON THE DOCKET SHEET IN CASE 01-DR-32, THAT THEY WERE SUBPOENAED NOR WAS THERE ANY RECORD OF RETURN OF SERVICE, THEREBY DEPRIVING THE DEFENDANT ANY DEFENSE, OR ABILITY TO MOTION TO QUASH."
 {¶ 21} For the sake of clarity, we will address the assignments of error out of order.
 III, VII {¶ 22} Appellant challenges the participation of Magistrate Trotter and Judge Jackson in his case given the fact he filed affidavits of disqualification against them.
 {¶ 23} Appellant filed his affidavit of disqualification against Magistrate Trotter on June 1, 2001. Following this filing, Magistrate Trotter signed several continuances due to proceedings occurring in Muskingum County.
 {¶ 24} On September 10, 2001, appellant filed his affidavit of disqualification against Judge Jackson. By entry filed September 14, 2001, Chief Justice Thomas Moyer of the Supreme Court of Ohio denied the affidavit of disqualification as to Judge Jackson, and found the removal of a magistrate rests within the "sound discretion of the judge who referred the matter to the magistrate." Following this entry, the matter went to hearing before Judge Jackson. Magistrate Trotter was not involved in any decisions.
 {¶ 25} Based upon Chief Justice Moyer's entry, we find no error by the trial court in proceeding to hearing the matter. We find no prejudice to appellant by the continuances signed by Magistrate Trotter.
 {¶ 26} Assignments of Error III and VII are denied.
 VI, IX {¶ 27} Appellant challenges the reinstatement of the civil protection order on March 8, 2001.
 {¶ 28} The original order was signed on January 19, 2001. On March 5, 2001, the order was dismissed for "good cause shown."[2] Within said entry was a notation of approval by appellant's then attorney, J. Tullis Rogers.
 {¶ 29} On March 8, 2001, appellee filed a motion to reinstate the order, claiming she did not approve the dismissal and was not afforded notice of the dismissal. The order was then reinstated.
 {¶ 30} Pursuant to Civ.R. 41(B)(1), appellee should have been given notice of an impending dismissal. We find no error in reinstating the order.
 {¶ 31} Assignments of Error VI and IX are denied.
 XI, IV {¶ 32} Appellant challenges the venue and jurisdiction of the Court of Common Pleas of Fairfield County to issue the order given the Court of Common Pleas of Muskingum County heard the same evidence and found no reason to issue a civil protection order to appellee.
 {¶ 33} Pursuant to R.C. 3113.31 and Civ.R. 3(B)(10), the Court of Common Pleas of Fairfield County, Domestic Relations Division, had jurisdiction over the matter and venue was proper given appellee has lived in Fairfield County, Ohio since November of 1999. January 28, 2002 T. at 64-65. However, under the doctrine of res judicata "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
 {¶ 34} On January 11, 2002, appellant filed a motion to dismiss, claiming res judicata, double jeopardy and collateral estoppel. Attached to this motion as Exhibits H and I were the journal entry and opinion and decision filed by the Court of Common Pleas of Muskingum County. Said court denied the parties' petitions for a civil protection order in Case No. DH2001-0085 and found no basis for a civil protection order in Muskingum County.
 {¶ 35} At the hearing on January 28, 2002, appellee's counsel stated "[t]he Court has ruled in Muskingum County regarding the civil protection order regarding Megan. We are here today just to get the civil protection order to be continued" for appellee. January 28, 2002 T. at 5. Appellee's counsel further stated the Court of Common Pleas of Muskingum County "did not make a ruling on the civil protection order for Dawn Sterling, I believe that Court just maybe stopped before it realized it was, you know, done with that issue or was going to leave it for this Court to decide that." Id. at 5-6.
 {¶ 36} During the hearing, appellee's witnesses testified they were testifying to essentially the same testimony as in the Muskingum County proceedings. Id. at 17, 31-32, 65-66.
 {¶ 37} Without the record of the Muskingum County proceedings before it, the trial court sub judice could not determine what the Muskingum County civil protection order petitions involved and what the Court of Common Pleas of Muskingum County heard in evidence in order to rule on appellant's motion to dismiss on the basis of res judicata. The matter is remanded to the trial court to certify the record from the Court of Common Pleas of Muskingum County for its review and rule on the issue of res judicata.
 {¶ 38} Assignments of Error XI and IV are granted.
 X {¶ 39} Appellant claims the trial court erred in continuing the matter beyond the ten day deadline for full hearing.
 {¶ 40} Pursuant to R.C. 3113.31(D)(2), a trial court "shall schedule a full hearing for a date that is within ten court days after the ex parte hearing." The ex parte hearing in this case was held on January 19, 2001. A full hearing was set for January 29, 2001. See, Order filed January 19, 2001. The matter was continued until April 6, 2002 per appellant's request. See, Appellee's Brief at 1.
 {¶ 41} On April 6, 2002, appellant requested a continuance to procure a witness and same was granted. April 6, 2002 T. at 7-8. Several more continuances were granted at appellee's request due to ongoing proceedings occurring in Muskingum County.
 {¶ 42} We find no error in continuing the matter while awaiting resolution of the matters in Muskingum County given similar issues were being litigated in said county.
 {¶ 43} Assignment of Error X is denied.
 I, II, XII, XIII {¶ 44} Appellant challenges the trial court's decision on evidentiary issues.
 {¶ 45} Appellant claims the trial court erred in not allowing him to enter exhibits related to the Muskingum County proceedings and the issue of res judicata. January 28, 2002 T. at 82-83. Based upon our previous discussion, we agree.
 {¶ 46} Appellant claims the trial court erred in permitting the testimony of subpoenaed witnesses because there was no record on the docket sheet that they were subpoenaed. Also, the trial court erred in forcing appellant to become a witness against himself. We find the arguments herein to lack merit. A party may be called to testify for purposes of cross-examination. R.C. 2317.07.
 {¶ 47} Assignment of Error I is granted. Assignments of Error II, XII and XIII are denied.
 V, VIII {¶ 48} Appellant challenges the trial court's issuance of the civil protection order. Based upon our decision supra, we find these assignments to be moot.
 {¶ 49} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby vacated and remanded.
By Farmer, P.J., Wise, J. and Boggins, J. concur.
topic: civil protection order issued — no ruling on res judicata; complaint-similar proceedings occurred in Muskingum County.
[1] The order was dismissed on March 5, 2001 and subsequently reinstated on March 8, 2001.
[2] We can only assume the matter was dismissed because of the ongoing proceedings in Muskingum County.