OPINION
{¶ 1} Appellants Carol and James Costlow appeal a judgment of the Court of Common Pleas, of Licking County, Ohio, affirming a decision of the Etna Township Board of Zoning Appeals finding them in violation of Section 910 of the Etna Township Zoning Resolution, for storing and warehouse materials outside:
 {¶ 2} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FINDING THAT A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE EXISTS TO SUPPORT THE DECISION OF THE BZA IN FINDING THAT APPELLANTS' USE OF THE STORAGE CONTAINERS DID NOT CONSTITUTE AN ACCESSORY USE PERMITTED UNDER THE ETNA TOWNSHIP ZONING RESOLUTION.
 {¶ 3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW, BY FINDING THAT ESTOPPEL AND LACHES DID NOT PREVENT THE BZA FROM FINDING THE ALLEGED ZONING VIOLATIONS.
 {¶ 4} "III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FINDING THAT A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE EXISTS TO SUPPORT THE DECISION OF THE BZA IN FINDING THAT APPELLANTS' HAVE NOT AND OR WILL NOT SUFFER AN UNNECESSARY HARDSHIP BY STRICT APPLICATION OF THE ETNA TOWNSHIP ZONING RESOLUTION.
 {¶ 5} "IV. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT DETERMINED THAT THE BZA DID NOT ACT UNREASONABLY IN EXERCISING ITS DISCRETION IN DENYING APPELLANTS' APPEAL BASED ON AESTHETIC ISSUES SURROUNDING THE USE OF OUTSIDE STORAGE AND USE OF INTERMODAL/TRAILER STORAGE CONTAINERS ON THE PROPERTY.
 {¶ 6} "V. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN AFFIRMING THE BZA'S ORDER THAT RESULTED FROM CONSTITUTIONAL DUE PROCESS DEPRIVATIONS AS APPLIED TO APPELLANTS."
 {¶ 7} The instant case involves a six-acre tract of land owned by appellants in Pataskala, Ohio. James Costlow purchased the property for operation of a retail carpet business. At the time he purchased the property, it contained no warehouses, storage containers, or other materials related to handling goods. After purchasing the property, he immediately began using and storing items on the premises for use in his business. Shortly after buying the property, James Costlow married appellant Carol Costlow, and devised one-half of his interest in the property to her. In addition to their primary business, which is a retail carpet business, appellants engage in the buying and selling of other material goods, such as forklifts, picnic tables, carpet shelving, and wood pellets for stoves, which they purchase from other businesses which are liquidating.
 {¶ 8} In November of 2000, appellants received a warning letter from the Etna Township Zoning Inspector. The violation notice related to disabled vehicles and to the improper warehousing of materials outside on the property. Specifically, appellants were storing materials such as iron, wire, metal shelves, workbenches, reenforcement rods, forklifts, and forklift components, outside. In addition, while appellants have six warehouse buildings on the premises, and a residential building on the premises, they use multiple outside storage containers, designed for intermodal railroad transportation, to hold carpet, padding, and wood. Use of these outside storage containers is not uncommon in the carpet industry, as a carpet retailer has to keep defective carpet away from the retail inventory.
 {¶ 9} As to the disabled vehicles violation, at the time of the zoning inspector's first visit to the property, a car was stored above ground, that appellants allege it was lifted off the ground to allow concrete to be poured under it. An RV was located on the property, which appellants at one time intended to use as a mobile showroom for their carpet, but gave to a homeless man to live in following notice of violation. A boat, designed as a motor boat, was located on the property, although it did not have motor. Appellant James Costlow claimed that he intended to use the boat as a rowboat.
 {¶ 10} After first receiving notice of violation in November of 2000, appellant Carol Costlow spoke several times on the telephone to the zoning inspector, asking him to clarify the violations. The zoning inspector sent an identical warning letter to appellants in December of 2000. On May 17, 2001, the zoning inspector again visited the property, accompanied by a township trustee. Appellant James Costlow was present on the property at that time and spoke with the inspector and the trustee. Appellant pointed out efforts he had made to comply with the zoning resolution, including constructing a wall along one portion of the premises, and moving the metal and wood materials stored outdoors to one location on the property. In addition, appellants had removed all of the disabled vehicles except for the boat. The zoning inspector determined that the continued storage of materials outside, and the use of the outdoor storage containers, still constituted violations of the Etna Township Zoning Resolution, and issued a notice of violation on May 29, 2001.
 {¶ 11} Under Section 910 of the Etna Township Zoning Resolution, governing districts zoned "GB" (general business), permitted uses include wholesale business or warehousing, if conducted entirely in an enclosed building; building materials and sales if conducted entirely in an enclosed building; and accessory buildings and uses.
 {¶ 12} The case proceeded to hearing before the Etna Township Board of Zoning Appeals. Appellants argued that the use of the outside storage containers and storage of materials outdoors on the property constituted an accessory use to the retail carpet business. They also claimed that the vehicles located on the property were not at any time disabled, and had been removed at the time of the hearing. Following the hearing, the Board of Zoning Appeals dismissed the charge of violation of the disabled vehicles resolution, finding that all vehicles except the boat had been removed from the property, and ordered appellants to remove the boat within 30 days, or place it inside. The Board of Zoning Appeals found a violation of Section 910 of the Zoning Ordinance, finding that the outdoor storage of materials and use of the intermodal storage units for carpet and padding was not an accessory use of the property.
 {¶ 13} Appellants appealed the case to the Licking County Court of Common Pleas pursuant to R.C. 2506.04. The court affirmed the decision of the Board of Zoning Appeals.
 I {¶ 14} In their first assignment of error, appellants argue that the court erred in affirming the decision of the Board of Zoning Appeals that the use of outdoor storage on the property is not an accessory use as defined in the zoning resolution.
 {¶ 15} Pursuant to R.C. 2506.04, the common pleas court, on appeal from an administrative agency, may find that the order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. The common pleas court weighs the evidence in the record, and may consider new or additional evidence only under certain circumstances. Smith v. Granville Twp. Board of Trustees,81 Ohio St.3d 608, 612, 1998-Ohio-340. We must affirm the decision of the common pleas court unless we find, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Id. at 613.
 {¶ 16} The Etna Township Zoning Resolution specifically prohibits the outdoor warehousing of materials for use in a business. At page 14 of their briefs, appellants contend that it is undisputed that intermodal storage containers do not constitute structures or buildings as defined in the resolution. However, appellants argue that the use of such containers is an accessory use to their carpet business. The zoning resolution defines accessory use as a use on the same lot with, and of a nature customarily incidental and subordinate to the principle use or structure.
 {¶ 17} Robert Pendleton, a carpet salesman, testified that use of intermodal storage containers was not uncommon in the carpet business. He testified that because used carpet must be kept separate from new carpet, it is not uncommon to see such containers used to store used carpet and padding. However, he did not testify that such containers were customarily used in the business. Robert Birchfield, a wholesale carpet dealer, testified that he uses storage containers similar to those used by appellants to store carpet. However, he did not testify that carpet dealers customarily use such containers. While there is some evidence in the record that these types of storage containers are used in the carpet industry, we cannot find that the finding of the court that use of the containers did not rise to the level of what is customary in the industry is unsupported by a preponderance of reliable, probative and substantial evidence.
 {¶ 18} The first assignment of error is overruled.
 II {¶ 19} Appellants argue that enforcement of the zoning resolution is barred by estoppel, res judicata, and laches.
 {¶ 20} As to the claim of res judicata, appellants argue that because their application for re-zoning of the property was approved in 1997, and because objections to the application similar to those raised by the instant action were raised by residents at the hearing for re-zoning, the issue of violation of the zoning resolution is foreclosed by the zoning commission's approval of the re-zoning application.
 {¶ 21} The doctrine of res judicata does not apply to legislative acts, which are always subject to amendment by the legislative body that enacted them, and therefore not final in the same sense that a judgment of a judicial body is final. Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus. The trial court did not err in concluding that the decision of the zoning commission approving the application for re-zoning, and thus changing the zoning from "LB" to "GB", was a legislative act, as it modified the zoning ordinance. Therefore, the doctrine of res judicata does not bar the instant proceeding by the zoning inspector.
 {¶ 22} Appellants also argue that the township is estopped from issuing a violation, as they have been storing materials outside and using outside storage containers since their purchase of the property. They also argue that because the township approved the re-zoning application, the township is estopped from complaining about violations which existed at that time.
 {¶ 23} This court has previously found the doctrine of estoppel inapplicable to prohibit the enforcement of a zoning regulation. Dilerv. Monroe Twp. Zoning Commission (August 13, 1982), Knox Appellate No. 82-CA-08, unreported. The doctrine of estoppel does not preclude the zoning inspector and Board of Zoning Appeals from enforcing the zoning resolution against appellant.
 {¶ 24} As to the doctrine of laches, appellants have failed to separately argue this issue in their brief, although claimed as error in the statement of the assignment of error. For the same reason that estoppel and res judicata do not apply to the instant action, the action is not barred by laches.
 {¶ 25} The second assignment of error is overruled.
 III {¶ 26} Appellants argue that the court erred in failing to reverse the decision of BZA, as appellants will suffer unnecessary hardship by strict application of the zoning resolution.
 {¶ 27} Appellants cite Trent v. German Twp. Bd. of Zoning Appeals
(2001), 144 Ohio App.3d 7, in support of their argument. However, as noted by the trial court, the issue of unnecessary hardship arose in that case because the issue was whether the claimant was entitled to a variance, not whether a use is a violation of the township zoning resolution. Appellants have not requested a use variance in the instant case. Further, as noted by the court, the testimony indicated that appellants had six warehouse facilities on the property. The containers did not constitute the sole or even greater portion of the storage space on the property, and appellants thus did not demonstrate substantial hardship by removal of containers and outdoor storage.
 {¶ 28} The third assignment of error is overruled.
 IV {¶ 29} Appellants argue that the court erred in affirming the decision of BZA, as the decision was based solely on aesthetic issues surrounding the use of intermodal storage containers and outside storage on the property.
 {¶ 30} While there is some reference to the aesthetics of the property in the record, the decision of BZA was not based on pure aesthetics. As discussed earlier in this opinion, the outdoor warehousing of materials is specifically prohibited by the zoning ordinance, and appellants failed to demonstrate that the use of the storage units constituted an accessory use as defined in the zoning resolution.
 {¶ 31} The fourth assignment of error is overruled.
 V {¶ 32} Appellants argue that the court erred as a matter of law in affirming the order of BZA, as the resolution was unconstitutionally applied to appellants.
 {¶ 33} Appellants first claim that they were denied due process, as the prosecutor argued the case on behalf of the zoning inspector, presenting a conflict of interest. Appellants argue that because the office of the Licking County Prosecutor represents and advises the township board of trustees and the Board of Zoning Appeals, representation of the zoning inspector before BZA represented a conflict of interest. Appellants further note that the prosecutor previously represented Carol Costlow when she was a trustee for Etna Township.
 {¶ 34} The court did not err in finding no conflict of interest in the representation of the zoning inspector by the prosecuting attorney. Despite the fact that appellant Carol Costlow was a township trustee, any representation by the prosecuting attorney on her behalf was completely unrelated to the action at bar. Further, in the appeal brought to BZA by appellants, the assistant prosecuting attorney did not render any advice or represent the Board of Zoning Appeals. Rather, at that time, her representation was solely of the zoning inspector. As noted by the court, the office of the Licking County Prosecutor is the legal advisor for the township and its interests as espoused in the township zoning resolution. Appellant has demonstrated no specific prejudice from the prosecutor's representation of the zoning inspector.
 {¶ 35} Appellant argues that the zoning resolution is void for vagueness, as it does not clearly set forth sufficient criteria to guide the Board of Zoning Appeals in the exercise of its discretion. As noted by the court, the testimony before the BZA demonstrated some confusion with regard to definitions of "structure" and "use," which stemmed from confusion over whether outside storage containers should be defined as a structure, and/or a use. However, as discussed by the court, the zoning resolution sets forth specific definitions of "structure" and "accessory use," and is not void for vagueness. The ultimate decision by the BZA approving the violation issued by the zoning inspector is supported by the pertinent provisions of the zoning resolution.
 {¶ 36} Appellants also argue the final order is vague, in that it fails to adequately describe the premises at issue. Appellants argue that the order sets forth a finding that the appellants are conducting their warehouse operation entirely outside of an enclosed building, when in fact, the evidence before BZA indicated that they use six warehouses on the premises for their business. There was some testimony by Jim Clark, a carpet layer for appellant, that the property was full of outside storage. Tr. 176. There also was evidence to suggest that much of the merchandise appellants purchased from liquidating businesses, which may or may not be related to their carpet business, would be stored outside. Appellants' accountant testified that every time he came to the property, something different was on the premises for re-sale. However, it is clear from the order that regardless of whether the statement concerning the amount of outside storage was factually correct, the Board of Zoning Appeals found the use of the storage containers and other outside storage to be a non-conforming use of the property. The order is not unconstitutionally vague.
 {¶ 37} Finally, appellants argue that their due process rights were violated by the warrantless search of their property by the zoning inspector, and thus the issuance of the violation is unconstitutional. Appellants argue that because the inspector entered their property and took photographs without their consent, the inspector engaged in a warrantless search of their property in violation of their due process rights.
 {¶ 38} The testimony before BZA indicated that on one occasion, the inspector entered the property without appellants' consent, and took photographs. However, the testimony also indicated that subsequently, the zoning inspector entered appellants' property twice with their consent. On one of these occasions, the inspector was accompanied by a township trustee, and both met with appellant James Costlow. The testimony indicated the photographs were taken on this occasion with the consent of appellants. Because appellants subsequently permitted the inspector to enter the property for the purpose of viewing the area in relation to the violation notice, and permitted the inspector to take photographs, and the inspector issued a violation notice based on this later visit, any error in the initial warrantless search was cured.
 {¶ 39} The fifth assignment of error is overruled.
 {¶ 40} The judgment of the Licking County Court of Common Pleas is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur
Topic: zoning — accessory use