OPINION
{¶ 1} This case presents a timely appeal of the decision of the Lake County Court of Common Pleas, Domestic Relations Division, which adopted the magistrate's decision denying appellant, John J. Petralia's, motion for modification of child support. We affirm.
 {¶ 2} We first detail the relevant portions of the procedural history of the instant case. On August 2, 1999, appellant filed a motion for modification of child support. In his motion appellant argued that there had been a substantial change in his employment. Appellant had been employed as an insurance agent for the Independent Order of Foresters ("IFO"). Beginning in 1995, it was discovered that certain high-ranking officials of IFO were engaging in illicit behavior. This resulted in substantial negative publicity for IFO, which, in turn, caused a significant decrease in appellant's salary as a commissioned insurance agent. Appellant left his position with IFO in April or May 1995, and became an independent agent. This proved unsuccessful. Appellant then opened his own construction business, which caused a decrease in appellant's income.
 {¶ 3} A hearing on appellant's August 1999, motion was held before the magistrate on November 2, 1999. On December 22, 1999, the magistrate issued a decision finding appellant to be voluntarily underemployed. However, the magistrate modified appellant's child support obligation from $316.67 per month, per child, to $275.68 per month, per child. Appellant has three minor children. Appellant did not file objections to the magistrate's decision and the trial court adopted the decision January 13, 2000. No appeal was taken from this decision.
 {¶ 4} In September 1999, appellant was indicted on four felony charges. Appellant subsequently pled guilty and was sentenced to five years incarceration. Appellant began serving his sentence October 23, 2000.
 {¶ 5} On September 5, and October 2, 2000, appellant again moved to modify his child support obligation. These motions were based on the same arguments as the motion of August 2, 1999. A hearing on the motions was held before the magistrate on August 15, 2001. Appellant testified to those facts set forth above. The magistrate issued a decision on November 30, 2001, denying appellant's motion. The magistrate found that the evidence appellant presented dealt with circumstances in existence before the November 2, 1999, hearing and therefore, appellant was barred from re-litigating these issues.
 {¶ 6} Appellant filed objections to the magistrate's decision. The trial court held a hearing on appellant's objections on February 25, 2002. By entry dated March 5, 2002, the trial court overruled appellant's objections and adopted the magistrate's decision. It is from this decision which appellant appeals setting forth the following assignments of error:
 {¶ 7} "[1.] The [t]rial [c]ourt abused its discretion in using res judicata to dismiss [a]ppellant's motion to reduce his child support obligation.
 {¶ 8} "[2.] The [t]rial [c]ourt abused its discretion by finding [a]ppellant[`s] * * * exhibits 4, 5, 6(A) and (B), and 7 to be not authentic and not admissible.
 {¶ 9} "[3.] The [t]rial [c]ourt abused its discretion by classifying [a]ppellant as being voluntarily underemployed, against the preponderance of the evidence in favor of classifying [a]ppellant as involuntarily underemployed, and finding there to be no change in circumstance allowing a modification of child support.
 {¶ 10} "[4.] The [t]rial [c]ourt violated Canons 2 and 3 of the Judicial Code of Conduct by not acting impartially and by exhibiting bias against the [a]ppellant."
 {¶ 11} Appellant first argues that the trial court erred by applying the doctrine of res judicata in deciding his motions of September 5, and October 2, 2000. We disagree.
 {¶ 12} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Res judicata precludes relitigation of the same issue when there is mutuality of the parties and when a final decision has been rendered on the merits. Kalia v. Kalia, 11th Dist. No. 2001-T-0041, 2002-Ohio-7160, at ¶ 32, quoting Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379.
 {¶ 13} "Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever. And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case." Bean v. Bean (1983),14 Ohio App.3d 358, 361, quoting Petersine v. Thomas (1876),28 Ohio St. 596, 601.
 {¶ 14} In the instant case there is no dispute as to the mutuality of the parties or that a final decision was rendered; appellant argues that the issues were not the same. A review of the evidence presented at the August 15, 2001 hearing, appellant's August 2, 1999 motion, and the magistrate's decision of December 22, 1999, reveal that appellant's latest motions attempt to re-litigate those issues decided by the judgment entered on January 13, 2000.
 {¶ 15} In his latest motions appellant again argued and presented evidence in an attempt to show a change of circumstances based on his loss of business at IFO and the subsequent employment decisions he made. The only difference is that at the latest hearing appellant presented, and the court considered, newspaper articles showing the extent of the negative publicity generated relating to the illicit behavior of certain employees of IFO. However, all of these articles are dated prior to August 2, 1999, the date of the hearing on appellant's first motion. Therefore, even assuming that this issue was not litigated at the first hearing, which we believe it was, it certainly could have been litigated at that time. The doctrine of res judicata prevented appellant from re-litigating the issue of his voluntary underemployment. Therefore, appellant's first assignment of error lacks merit.
 {¶ 16} In his second assignment of error appellant argues that the trial court erred by excluding certain exhibits admitted into evidence by the magistrate. This assignment of error is moot.
 {¶ 17} In his decision, the magistrate admitted all exhibits proffered by appellant. In its judgment entry, the trial court states: "apparently at Finding of Fact 12, the Magistrate admitted exhibits 4, through 7, over objection of wife's counsel. This ruling appears to be in error * * *." The trial court then discussed why these exhibits should be excluded. However, the trial court then states, "The Magistrate's Decision of 11/30/01, is adopted." The magistrate's decision had admitted these exhibits. Although the trial court felt this was in error, it did not modify the magistrate's decision to exclude the exhibits. Therefore, the trial court admitted these exhibits and appellant's second assignment of error is moot.
 {¶ 18} Our decision with respect to appellant's first assignment of error renders his third assignment of error moot. Appellant has previously litigated this issue to final judgment. Therefore, the doctrine of res judicata precludes us from considering whether the trial court erred in finding that appellant was voluntarily underemployed.
 {¶ 19} In his fourth assignment of error appellant contends that the trial court failed to act impartially and exhibited bias toward him by applying the doctrine of res judicata, excluding his exhibits, scheduling the hearing on his objections to the magistrate's decision, by failing to permit appellant sufficient time to consult with his counsel prior to the objection hearing, and by failing to allow appellant to speak on his own behalf at the objection hearing. We find no merit to these arguments.
 {¶ 20} Initially we note that appellant failed to follow the mandates of R.C 2701.03 which sets forth the procedure by which a party may seek a judge's disqualification. Therefore, appellant has waived this issue. Further, an appellate court has no jurisdiction to vacate a trial court's judgment on a claim of judicial bias. See State v. Hunter,2002-Ohio-7326, at ¶ 21. Even assuming we had such authority, nothing in the record indicates that the trial court judge exhibited bias toward appellant.
 {¶ 21} We have determined that the trial court properly applied the doctrine of res judicata. The trial court did not exclude appellant's exhibits; therefore, there can be no finding of bias. While there was some confusion as to the scheduling of the hearing on appellant's objections to the magistrate's decision, the hearing was rescheduled and appellant did attend the hearing. Nothing in the record shows that that trial court failed to allow appellant sufficient time to consult with his counsel. Finally, while there was one instance where appellant attempted to make a comment during the objection hearing and the trial court instructed appellant to talk to his attorney, this does not even begin to rise to the level needed to show judicial bias. Appellant's fourth assignment of error is without merit.
 {¶ 22} For the foregoing reasons, the decision of the Lake County Common Pleas Court, Domestic Relations Division, is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.