{¶ 21} I agree that the trial court erred when it vacated the default judgment it had granted in the unjust enrichment action for lack of jurisdiction. As Judge Wolff points out, the court had concurrent subject matter jurisdiction in both the action on the common law claim for unjust enrichment and the statutory divorce action. However, the final property division order in the prior divorce action estopped the court from exercising its jurisdiction in the subsequent unjust enrichment action because the subsequent action was based on a claim arising out of the transaction or occurrence that was the subject matter of the prior divorce action. Grava v. Parkman (1995), 73 Ohio St. 3d 379. That bar, which is imposed under the doctrine of res judicata, is not jurisdictional, however. Res judicata is instead an affirmative defense to a claim for relief, which per Civ.R. 8(C) must be pleaded and proved. Begley's failure to do either in the unjust enrichment action waived the defense and resulted in the default judgment. In ruling on Begley's subsequent Civ.R. 60(B) motion to vacate the default judgment, the trial court correctly held that res judicata would constitute a meritorious defense. However, the court also found that Begley had failed to demonstrate an additional requirement for Civ.R. 60(B) relief: that she is entitled to such relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). GTE Automatic Electric, Inc. v. ARC Industries
(1976), 47 Ohio St.2d 146. Specifically, the court found her claim that she was unaware of the unjust enrichment action to be not credible. Upon that finding, the court necessarily denied Begley's Civ.R. 60(B) motion. The court's error was in going on to misapply the res judicata bar to hold that it lacked jurisdiction to grant relief in the unjust enrichment action.