OPINION
{¶ 1} This is an appeal from an order of the court of common pleas that both dismissed an R.C. 2721.02 petition for declaratory judgment and entered judgment for the defendant on related common law claims for trespass and ejectment and an R.C. 5301.01 quiet title claim.
 {¶ 2} The matter in controversy is a boundary dispute between owners of adjoining parcels of real property. The dispute has been the subject of multiple actions and several appeals to this court, beginning in 1984.
 {¶ 3} The common pleas court dismissed the petition for declaratory judgment pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. The claim before the court asked for a declaration of the legal rights or status of the parties with respect to matters the court had decided in judgments entered in the prior litigations.
 {¶ 4} R.C. 2721.02 authorizes the courts to declare rights, status, or other legal relations. Acting pursuant to the authority conferred on it by Article IV, Section 4(B) of the Ohio Constitution to provide by law for the jurisdiction of the court of common pleas, the General Assembly enacted R.C. 2721.03, which states:
 {¶ 5} "Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.
 {¶ 6} "The testator of a will may have the validity of the will determined at any time during his lifetime pursuant to sections 2107.081
to 2107.085 of the Revised Code."
 {¶ 7} The trial court concluded that the rights or interests identified in R.C. 2721.03 do not encompass questions concerning the meaning and/or effect of final judgments rendered by the courts in the exercise of their judicial power. We agree. Such a request is no more than a collateral attack on a final order, which is subject only to the narrow provisions of Civ.R. 60(B) and the rights of appeal allowed by R.C. 2505.02 and governed by App.R. 3 and 4. To allow an R.C. 2721.02
declaration instead would undermine and destroy the exclusive character of those remedies.
 {¶ 8} The trial court granted judgment for the Defendant on the Plaintiff's two common law claims for trespass and ejectment and his statutory quiet title claim, finding that they are barred by res judicata. Again, we agree.
 {¶ 9} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman (1995), 73 Ohio St.3d 379, Syllabus by the Court. The two common law claims and the statutory quiet title claim arose from the same transactions and/or occurrences which were the subject of the several prior litigations between these parties. They are therefore barred.
 {¶ 10} Plaintiff's only recourse is to seek execution on any relief he previously was granted in a proceeding supplementary to and in aid of the judgment in which that relief was granted, to the extent that such relief is available in law. We note that the court did that, by affirming its prior order concerning the disputed boundary line and, on that basis, ordering a new survey and installation of boundary markers to replace those that had been destroyed or lost.
 {¶ 11} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Fain, J., concur.